### John Scott v. The State.

#### No. 3830.   Decided April 22, 1908.

**1.—Burglary—Possession of Property Recently Stolen.**

Where upon trial for burglary the evidence showed that the alleged house had been burglarized and the property taken therefrom found in the possession of the defendant soon thereafter, the evidence was sufficient to sustain the conviction.

**2.—Same—Charge of Court—Reasonable Explanation.**

Where upon trial for burglary, the court charged the jury that if the defendant got the alleged stolen property from some other person to acquit him, which charge was applicable to the issue raised by the defendant's testimony that the property had been turned over to him, etc., the same was sufficient on the question of reasonable explanation of possession of the property.

**3.—Same—Accomplice—Charge of Court.**

Where upon trial for burglary, the record showed on appeal that defendant pawned the property, and that the State's witness who testified to this fact was simply an employee of the pawnshop, and there was nothing to show that witness knew at the time, that he was receiving stolen property, the court correctly failed to charge on accomplice testimony.

Appeal from the Criminal District Court of Galveston. Tried below before the Hon. J. K. P. Gillaspie.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*R. H. & Alice S. Tiernan*, for appellant.—On question of insufficiency of evidence: Galloway v. State, 41 Texas 289; Hannah v. State,

1 Texas Crim. App., 578; Gilleland v. State, 24 Texas Crim. App., 524 Lacy v. State, 31 Texas Crim. Rep., 78; 19 S. W. Rep., 896. On question of reasonable explanation of possession of property, and charge of court thereon; Bryant v. State, 16 Texas Crim. App., 144; Jackson v. State, 28 Texas Crim. App., 143; Isham v. State, 49 S. W. Rep., 581; Scott v. State, 36 S. W. Rep., 276; Wheeler v. State, 34 Texas Crim. Rep., 350; 30 S. W. Rep., 913; Green v. State, 90 S. W. Rep., 1114. On question of accomplice: Simmons v. State, 50 Texas Crim. Rep., 527; 97 S. W. Rep., 1052.

*E. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—This conviction was for burglary, the punishment assessed being two years confinement in the penitentiary.

The evidence shows that the owner of the house securely fastened it in the morning early and went about his daily avocation. On returning about half past five o'clock in the evening he discovered that his house had been entered in the meantime, and a pair of pants and a watch taken, the pants from one place in the house and the watch from another. Appellant was subsequently arrested. His statement was to the effect that another party turned him over a bundle to be pawned, which proved to be pants, and a watch also was in the bundle. He did not support himself with the testimony of the witnesses whom he stated were present at the time he received the goods. He pawned the property in his own name, and received whatever money was given him by reason of the pawning. We are of opinion this evidence, is sufficient to sustain the conviction. The fact that a house had been burglarized or broken into, supplemented by possession of the property taken from the house by the party arrested soon after the alleged breaking, has been held sufficient by the decisions to sustain a conviction for burglary.

One of appellant's contentions is that the court failed to charge the law applicable to reasonable account of his possession of the property. We are of opinion this contention is not sound. The court instructed the jury as follows, in regard to this question: "If the defendant was not present when and where the house was broken and the property was taken, if you find it was so broken, but he got the same from some other person he would not be guilty, and if you so find, or if you have a reasonable doubt thereof, find him not guilty." His account of it was that he obtained possession of the property from another party; that he was not present, and had nothing to do with the burglary; that he was pawning the property for the party from whom he received it. The charge as given, we think, pertinently applies the law to the facts. The court submits the very question involved in appellant's account of his possession directly and without circumlocution.

We are further of opinion that the witness Carr is not an accomplice under the facts. He was an employee of the owner of the pawnshop, and testified to the fact that appellant brought the goods there and ob-

tained $1.50 from said shop. There is nothing to indicate, as we understand this testimony, that Carr was an accomplice, or had reason to believe he was receiving stolen property at the time he gave appellant the money on the ·pants. The court, therefore, in our judgment, did not err in failing to .charge the law in regard to the testimony of an accomplice.

The judgment is affirmed.

*Affirmed.*

Brooks, Judge, absent.