## BILL STANSBERRY V. THE STATE.

No. 10674.    Delivered April 13, 1927.

Rehearing denied May 25, 1927.

1.—Possessing Intoxicating Liquor—Requested Charges—Refusal Must Be Excepted To.

Where special charges are requested and refused by the trial court, the action of the court must be noted on the charges, over the signature of the judge, or such exceptions, brought forward by formal bills, to be considered on appeal. See Linder v. State, 94 Tex. Crim. Rep. 316, and other cases cited.

2.—Same—Evidence—Search Without Warrant—No Error.

Where appellant objected to testimony as to liquor and other articles found in the shed-room of a vacant building some seventy-five feet from the building occupied by appellant, on the ground that the search warrant did not include this shed-room, no error is presented, as none of appellant's property rights were invaded in this search. See Craft v. State, reported in this volume, and other cases cited.

3.—Same—Evidence—Motion to Suppress—Not Proper Practice.

Where appellant made a motion to suppress certain testimony secured by a search of premises without a search warrant, such motion was properly denied. It has been repeatedly held by this court that a preliminary motion to suppress evidence is not recognized in our procedure. See Foster v. State, 104 Tex. Crim. Rep. 120.

4.—Same—Argument of Counsel—Not Improper.

Where complaint is made to the argument of counsel for the state in his remarks that "there was as much necessity for a restaurant in Crystal Falls, as for an ice factory at the north pole," the criticism and illustration were justified by the facts in this case. Other argument complained of by appellant appears to have been invited by his counsel, and present no error.

5.—Same—Evidence—Held Sufficient.

The evidence of the state in this case was ample to support the conviction, and was strengthened materially by appellant's cross-examination of state's witnesses. The jury passed upon the issues presented by the testimony, and the judgment cannot be disturbed.

**6.—Same—Charge of Court—Exceptions Thereto—Rule Stated.**

Where appellant excepted to the court's charge in this language: "Further, the court does not instruct the jury relative to the law and facts governing the possession in this case," such exception is not sufficient to point out any error complained of. Our statute requires that the exception to the court's charge, in order to call for review on appeal, must be in writing, and must distinctly specify each ground of objection.

Appeal from the District Court of Stephens County. Tried below before the Hon. C. O. Hamlin, Judge.

Appeal from a conviction for the possession of intoxicating liquor for the purpose of sale, penalty two years in the penitentiary.

The opinion states the case.

*J. Lee Cearley* of Cisco, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

HAWKINS, Judge.—Conviction is for possession of intoxicating liquor for the purpose of sale, punishment being two years in the penitentiary.

Several special charges were requested and refused but no exception to the action of the court is noted on the charges over the judge's signature, nor is such exception brought forward by formal bills. Exception must be reserved in one form or the other. Linder v. State, 94 Tex. Crim. Rep. 316, 250 S. W. 703; Nichols v. State, 91 Tex. Crim. Rep. 277, 238 S. W. 232; Thomas v. State, 100 Tex. Crim. Rep. 288, 273 S. W. 571.

In two bills appellant complains because witnesses were permitted to describe the liquor and other articles found in the shed-room of a vacant building known as the old "Downing store," which was situated between seventy-five and one hundred feet from the building occupied by appellant. Objection was urged on the ground that the search warrant did not include the Downing store. This was shown to be a vacant store building with a shed-room extending along one side. It was accessible to the public. A vacant lot was between it and the building occupied by appellant. He could not complain because the officers had no warrant to search the "Downing store." None of his property rights was invaded in doing so. He disclaimed the property found there. Craft v. State (9859, decided April 6, 1927,

not yet reported) ; Wright v. State, 103 Tex. Crim. Rep. 534, 281 S. W. 864; Dozier v. State, 289 S. W. 45.

If we understand bill No. 8 it presents complaint because a witness was permitted to testify that a certain five-gallon bottle of whiskey was found in the old Downing store, the objection being based on two grounds, one being that said store was not described in the search warrant. This objection has already been disposed of. The other ground of objection was that appellant had made a motion to exclude the testimony of finding liquor at any other place than that described in the search warrant. It has been held that a preliminary motion to suppress evidence is not recognized in our procedure. Foster v. State, 104 Tex. Crim. Rep. 120, 282 S. W. 600.

Appellant makes serious complaint that certain argument of the District Attorney found no support in the evidence. The objectionable statement was in substance, that appellant claimed to be in the restaurant business in Crystal Falls, when there was as much necessity for a restaurant at that place as "there is for an ice factory at the north pole." The statement of facts shows that at Crystal Falls there was only a store or two, a filling station and the restaurant, which appellant claimed to be operating. It was evidently the state's contention that appellant's claim of operating a restaurant was only a blind to cover a business of selling whiskey. The observations of the District Attorney seem justified under the facts. From the court's qualification to another bill complaining of argument it appears to have been invited by counsel for appellant and presents no error.

The sufficiency of the evidence is challenged. Officers armed with a warrant to search appellant's place of business hurriedly drove up in front of it. Appellant ran into the back of the building and was followed by one of the officers who found him with an empty whiskey bottle in his hand. Upon a search of the kitchen several half-gallon fruit jars were found, some of them having the smell of whiskey in them, and also one or two whiskey glasses were there. No whiskey was found in the kitchen except a very small quantity in one of the fruit jars. A well-used and freshly beaten path was found leading from the kitchen door of appellant's building across a vacant lot to the shed-room of what was called the old "Downing store." In this shed-room the officers found two or three sacks of bottled beer and also found some in a five-gallon lard can in water which was still cold, but the ice had melted. Several cases of fruit jars were also found, in one of them was a half-gallon jar about half full of whiskey, and another half-gallon jar about

half full of coloring matter; also there was found a five-gallon water bottle full of whiskey. The whiskey found in the kitchen of appellant's restaurant appeared to be of the same kind, color, and quality as that found in the shed-room. The fruit jars in the shed-room were the same kind as the few found in appellant's kitchen. The Downing store and shed-room in question were unoccupied and open in many places to the public. Evidence was noticeable that it had been used for "toilet" purposes by some, but the only plain or beaten path leading to this shed-room was from appellant's kitchen. Other signs indicated that parties had been in the shed-room coming from other directions, but no well-defined path was discoverable except the one mentioned. It was developed by appellant himself upon cross-examination of the state's witnesses that a former raid had been made upon his place by the officers, at which time appellant's conduct in running from the front of his restaurant to the back of it was the same as on the present occasion. In response to appellant's own question to one of the officers to state the exact reason he had gotten the search warrant for appellant's premises the officer answered that they had been getting lots of complaints against appellant and on the place from different parties, and this together with appellant's conduct on the previous raid was what caused him to ask for the search warrant. To hold that the jury was not justified in reaching the conclusion that appellant was in possession of the whiskey and articles found in the shed-room of the Downing store would be to discard the finding of the jury upon an issue which has support in the evidence.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant renews his complaint of the argument of the District Attorney. We have given the matter careful consideration and can add nothing to what we said in our original opinion on this point. There is also complaint of the fact that the court below failed to charge on what is thought to be the affirmative theory of the defense. The exception to the court's charge on this particular point is as follows: "Further, the court does not instruct the jury relative to the law and facts governing the possession in this case." This is not specific, does not point out any particular part of the charge which is error by reason of incorrect expression or omission. Our statute requires that the exception to the court's charge, in order to call for review at our hands, must be in writing and it must dis-

tinctly specify each ground of objection.   The exception referred to appears to us insufficient to call the court's attention to what we understand is now being urged as appellant's defense, viz.: that he did not possess the liquor found in the old Downing house.   Neither one of the three special charges requested presented any affirmative theory that would call the attention of the court or the jury to the fact that appellant was contending that he did not have possession of said liquor.   The refusal of the special charges asked by appellant appears to have been satisfactory to him as he made no exception to such refusals in any case, and no exception thereto appears in the record either by notation on the refused charges or by separate bill.

Being unable to agree with any of the contentions made by appellant, the motion for rehearing will be overruled.

*Overruled.*