## BEN LAAKE V. THE STATE.

No. 11114.     Delivered November 9, 1927.

**Transporting Intoxicating Liquor—Misconduct of Jury—Discussing Failure to Testify—Reversible Error.**

Where, on a trial for transporting intoxicating liquor, at a time when the jury was not agreed as to appellant's guilt, some of the jurors discussed and considered appellant's failure to testify as a circumstance against him, and that it was more than a casual reference. Under the positive mandate of Art. 710, C. C. P., 1925, the judgment must be reversed, and the cause remanded.

Appeal from the District Court of Williamson County. Tried below before the Hon. Cooper Sansom, Judge.

Appeal from a conviction for transporting intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*Wilcox & Graves* of Georgetown, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for the unlawful transportation of intoxicating liquor, punishment being one year in the penitentiary.

We find it unnecessary to set out the evidence. Appellant questions the soundness of the opinion in Craft v. State, Tex. Crim. Rep. 295, S. W. 617. We think a further discussion of the question there decided is uncalled for. See Yeager v. State, 294 S. W. 200; Purswell v. State, 294 S. W. 1107; McFarlane v. State, 292 S. W. 885; Stansberry v. State, 295 S. W. 604. The opinion in Craft (supra) has been followed in a number of cases which are not yet reported, one being No. 10671, Jenkins et al. v. State, decided October 27, 1927.

In his motion for new trial appellant alleges that the jury, in violation of Art. 710 (1925) C. C. P., had considered as a circumstance against him the fact that he did not testify as a witness in his own behalf. Upon hearing the action the testimony of all the jurors was taken. Their evidence is not in agreement at all points, there being such divergence as would be expected where twelve witnesses are examined upon a particular issue. Two jurors disclaimed having heard any statement whatever about appellant not having testified. Some of the other jurors testified that they heard a reference to appellant not testifying, but did not hear in connection therewith anything said to the effect that the liquor in question might have been "vinegar." Others heard discussion about the "vinegar" proposition, but say in connection with it they heard no reference to appellant not testifying. It seems to be established beyond question that during the deliberation of the jury something was said both about the "vinegar" and about appellant not having testified. From the entire evidence it is difficult to escape the conclusion that the two incidents were related and that it came about in the following manner: During the discussion as to whether appellant was guilty some juror remarked that the liquor in question might have been "vinegar," whereupon another juror replied if it was vinegar appellant would or could have gotten on the stand and said so, or asked why, if it was vinegar, appellant did not get on the stand and so testify. Three jurors testified positively that the incident arose as just related. Upon the point we quote the testimony of still another juror.

"Well, the fact that there was not anything brought out pertaining if this was not whiskey, what was it, and if it was not whiskey it was thought he would have taken the stand in his own behalf to try to declare his innocence in some form. Noth-

ing was said about 'if it was vinegar.' I believe they discussed 'if it was vinegar, why didn't he say so?' "

It seems to be established with reasonable certainty that at a time when the jury was not agreed as to appellant's guilt some of the jurors did discuss and consider appellant not testifying as a circumstance against him, and that it was more than a casual reference. The incident appears to have been used as an argument to answer a suggestion that the liquor in question might have been vinegar. Under such circumstances we have no option other than to reverse the judgment and remand the case for new trial under the positive mandate of Art. 710 (1925) C. C. P.

On account of the disposition made of the case we deem it unnecessary to discuss other questions presented.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*