## JAMES BARKLEY ALEXANDER V. STATE

No. 32,532.   November 30, 1960

*M. Gabriel Nahas, Jr.,* Houston 2, for appellant.

*Dan Walton,* District Attorney, *Samuel H. Robertson, Jr., Edward D. Michalek,* Assistants District Attorney, Houston, and *Leon Douglas,* for the state.

DICE, Judge.

Appellant, James Barkley Alexander, and his co-indictee, Gary Martin Anderson, were jointly charged by indictment with the offense of burglary.

Upon the filing of motions for severance, appellant was separately tried and convicted, and his punishment assessed at confinement in the penitentiary for 2 years.

Appellant's sole contention on appeal is that the evidence is insufficient to sustain the conviction.

The state's evidence shows that the injured party, Donald Fadner, operated a combination grocery store, ice house and service station known as the Blue Bird Drive-In, which was located at 9802 Galveston Highway in the City of Houston. On the night of January 22, 1960, Fadner closed the business and locked the place at 11:00 P.M. Early the next morning, Ted Arnold, a milk distributor, while passing the drive-in, observed some gallon jugs of milk sitting in front of the place beside an open door and, after ascertaining that the door had been broken open, notified

Fadner. Fadner returned to the drive-in around 6:00 A.M. and, when he arrived, discovered that the ice house, which was a part of the building, had been broken into and that 33 cases of Pearl, Jax and Falstaff can beer were missing from the vault. An examination of the premises disclosed that a lock had been broken off an outside green door of the ice house, and certain tool marks were on the door.

Appellant and his co-indictee were apprehended and arrested later in the morning around 7:45 A.M. by Officer Peacock when they were found asleep in a red and white 1956 Ford automobile parked in the middle of Pinehurst Street with the lights on and the motor running. When apprehended, both had a strong odor of alcohol on their breath. Twenty-one cases of Pearl, Jax and Falstaff beer and a lug wrench with green paint on it were found in the automobile. One of the cases of beer contained certain figures thereon and was identified as State's Exhibit No. 1. This case of beer was identified by the witness Joseph Veseley, assistant manager of the drive-in grocery as a case of beer upon which he had the evening before placed the figures when taking readings from the gasoline pumps at the station in determining the inventory of gasoline in the tanks .

Appellant's co-indictee Anderson, upon being called as a witness by the state, admitted that on the night in question he and the appellant broke into a place which was a combination drive-in, gas station and ice house and stole some beer. He testified that they were traveling in his red and white 1956 Ford automobile, and, after they left the place, they drove around and he went to sleep, and the next thing he knew was when he was awakened by the policeman. He also identified the lug wrench taken from his automobile as the instrument used by appellant in breaking the lock on the outside door of the ice vault.

The court submitted the issue of appellant's guilt to the jury upon a charge on the law of principals. The court further instructed the jury that appellant's co-indictee, Anderson, was an accomplice and charged the jury under Article 718, V.A.C.C.P., as to the proof required to convict upon accomplice testimony.

Appellant did not testify or offer any evidence in his behalf.

We find the evidence sufficient to sustain the conviction.

The evidence shows a burglary of the house in question by someone. The testimony of the witness Veseley, the assistant

manager of the drive-in, is sufficient to identify one of the cases of beer found in possession of appellant and his companion after the burglary as a case of beer which was stolen from the place. Proof of appellant's unexplained possession of the recent stolen property was sufficient to sustain his conviction for the burglary. Bernadett v. State, 166 Tex. Cr. Rep. 621, 317 S.W. 2d 747.

The evidence of appellant's possession of the recent stolen property was sufficient to corroborate the testimony of his accomplice, Anderson, and authorized the jury to convict appellant upon the accomplice's testimony. O'Mary v. State, 118 Tex. Cr. Rep. 78, 43 S.W. 2d 95.

The judgment is affirmed.

Opinion approved by the Court.