**James HUDDLEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 41095.**

Court of Criminal Appeals of Texas.

Feb. 21, 1968.

Roddy L. Harrison, Pecos (on appeal only), for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is burglary with two prior non-capital convictions alleged for enhancement; the punishment, life.

■ Appellant's first and second grounds of error relate to the sufficiency of the evidence.

The accomplice witness Christopher testified that while driving around after bar-closing hours on the night in question, he and appellant picked up one Copeland, and that Copeland and appellant began to talk about breaking into a certain bar which Copeland had been frequenting and in which Copeland had observed where the money was kept. He stated that he let Copeland have a tire tool and a screw driver and dropped him off near the bar, which was

later shown to have been burglarized. He stated further that after several trips in his automobile as they again passed the bar, appellant, who was then driving, heard a whistle and stopped to pick up Copeland in accordance with their previous agreement. He stated that the three went to his house and split the proceeds of the burglary. He and appellant got $64.00 and Copeland got $64.00 and all of the loose change. Soon after this, he and appellant dropped off Copeland and were arrested by Officer Flores. According to his version of the transaction, when the officer turned on his light, appellant sped up the automobile saying that he was not going to stop because of the money which he had and at the same time appellant threw some rolls of coins onto the floorboard of his automobile. When they were finally brought to a halt, Officer Flores asked to whom the money rolling around on the floorboard belonged, and appellant answered that it belonged to the witness and refused to pick up the same.

It was shown by Officer Flores that he arrested appellant and Christopher on the night in question and recovered the rolls of coins, and that as he was booking appellant, he (appellant) placed a gold colored Zippo type cigarette lighter on the booking desk.

The operator of the burglarized bar testified that she lost several rolls of coins in the burglary, and that the cigarette lighter identified as State's Exhibit # 1 had been left in her bar by a patron and was later returned to her by an investigating officer.

Appellant did not testify in his own behalf, but recalled Christopher, who admitted that he had not seen State's Exhibit # 1, "a gold colored cigarette lighter with Hi-Way Welding, Box 386, Wickett, Texas, Pho WI 3–2063" on it in appellant's possession on the night in question.

No objections were made to any of the evidence hereinbefore set out.

We have concluded that the evidence including the cigarette lighter being in appellant's possession is sufficient to sustain this verdict. See Alexander v. State, 170 Tex. Cr.R. 282, 340 S.W.2d 493.

Appellant's third ground of error is that "fundamental error was committed when the officer arrested Defendant failed to charge or explain to Defendant his Constitutional Rights at the time * * *"

Reliance is had upon the holding of the Supreme Court of the United States in Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. Since no confession of appellant was offered in evidence, other than the statements shown above which were admitted without objection, the holding in Miranda, supra, has no bearing on the case at bar.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.