**Hal Dean WINDHAM, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 44927.**

Court of Criminal Appeals of Texas.

May 3, 1972.

**320**

Bill Thomas, of Glenn & Thomas, Abilene, for appellant.

Ed Paynter, Dist. Atty., and Sam Moore, Asst. Dist. Atty., Abilene, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is cattle theft; the punishment, enhanced under Article 62, Vernon's Ann.P.C., ten (10) years.

Appellant contends there is insufficient evidence to support the verdict.

Johnny Robert Windham, who the court charged was an accomplice witness as a matter of law, testified that he, the appellant and another man named R. L. Goble, stole seven or eight head of cattle from Cecil Goble. He stated that on the afternoon in late January, 1970, on a day and date he could not recall, the appellant and R. L. Goble approached him at work and asked him to "help them." He left work with them. R. L. Goble then went and borrowed his father's yellow pickup after which the trio borrowed Hollis Parmelly's stock trailer. Later that evening, they stole the cattle and loaded them on the trailer and started to Waco. However, an axle on the trailer soon broke and the appellant borrowed another trailer from W. O. Elliott before the three continued on to Waco where he (the witness) and Goble "consigned" the animals to a stock auction the next morning. The witness further testified that he received $50.00 for his services several days later when Goble and appellant brought the money to him at his job.

 Under Article 38.14, Vernon's Ann.C.C.P.,[1] the testimony of an accomplice witness must be corroborated. The test of the sufficiency of such corroboration is to eliminate the evidence of the accomplice from consideration and then to examine the evidence of other witnesses to

1. Article 38.14, V.A.C.C.P., provides: "A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense."

determine if there is inculpatory evidence, evidence of an incriminating nature which tends to connect the accused with the commission of the offense. Colunga v. State, Tex.Cr.App., 481 S.W.2d 866 (1972). Merely showing an offense occurred is not sufficient. Odom v. State, Tex.Cr.App., 438 S.W.2d 912; Edwards v. State, Tex. Cr.App., 427 S.W.2d 629. The corroborative testimony need not supply direct evidence; it must only tend to connect appellant with the crime. Cherb v. State, Tex. Cr.App., 472 S.W.2d 273. It is the combined cumulative weight of the evidence furnished by non-accomplice witnesses which supplies the test. Minor v. State, 108 Tex.Cr.R. 1, 299 S.W. 422.

Appellant did not testify.

■ Cecil Goble testified that eight head of his cattle were stolen between January 26 and January 31, 1970.

R. A. Goble stated he loaned his son a yellow pickup, License #124389, sometime in late January, 1970 and that he had done so before.

Hollis Parmelly recited that the appellant, accompanied by Goble and Johnny Robert Windham, borrowed his stock trailer, as he had on other occasions, near the end of January, 1970.

W. O. Elliott testified that in late January, 1970, at about 10:00 at night the appellant, in the company of others whom he did not see, borrowed his stock trailer stating that one belonging to some of his friends had broken down. Elliott stated that they left the trailer at his house and that it was picked up the next day. In describing the person who came to get the trailer the next day, the witness said, "I don't know. They said it was a Goble boy."

Mack Owen recited that R. L. Goble brought a trailer with a broken axle to his automotive shop to be fixed at the beginning of 1970 but that he was unable to take the job because he was too busy.

Wade Ray testified that he fixed a broken wheel axle on Hollis Parmelly's trailer for the appellant in the latter part of January, 1970.

Dezzie Leggott stated he operated a livestock auction in Waco and produced a gate receipt showing that on January 27, 1970 "Hal Willliams" driving a car, License No. 124389, consigned eight head of cattle to him for sale. He further testified that a check for $1178.69, the selling price of the livestock, made out to "Hal Williams" was later given to the individual who presented the gate receipt.

Wanda Bevins, a teller at the Bank of Commerce in Abilene, stated that on January 28, 1970, R. L. Goble and another man drove up to the bank's drive-in window and deposited three checks, one of which was made out to "Hal Williams" in the amount of $1178.69. She stated that Goble first endorsed it with his name but then handed it to the man with him after she informed him that "Hal Williams" had to endorse it since it was made out to him. Goble kept $678.00 in cash out of the check deposits.

Harlon Davis, one of Johnny Robert Windham's co-workers, testified that Windham was gone from work one afternoon late in January when he returned to the job site and that on another occasion, R. L. Goble and the appellant came out to the site one day during the lunch hour. He could not remember whether that later instance occurred after the former or not.

The State suggests that "[A.]ll of the suspicious circumstances are circumstantial evidence and none point directly to the guilt of the appellant but the cumulative effect of all of these is more than sufficient to corroborate the accomplice witness" and cites several cases in support of its contention. However, those cases, such as Horne v. State, Tex.Cr.App., 434 S.W. 2d 366; Alexander v. State, 170 Tex.Cr.R. 282, 340 S.W.2d 493, and Rainey v. State, Tex.Cr.App., 401 S.W.2d 606, basically in-

**322**

volve situations where the appellant was found near the scene of the crime shortly after its occurrence, in possession of the stolen property or other incriminating evidence. Further, there is no evidence of flight as in Cawley v. State, 166 Tex.Cr.R. 37, 310 S.W.2d 340, also cited by the State.

We have examined the record carefully and conclude that the corroborative testimony is insufficient. There is no evidence that they occurred in the sequence the accomplice witness suggested. The appellant was never seen with the stolen livestock nor is there any corroborated evidence which specifically identifies him in connection with them either at or near the place from where they were stolen or at or near the place where they were sold. There is no corroborated evidence that the cattle stolen from Callahan County were the same ones sold at Waco. There is no evidence of flight.

The facts in this case are somewhat similar to those in Nolley v. State, Tex.Cr. App., 368 S.W.2d 218, where the court reversed a conviction for cattle theft and held that the testimony of the accomplice witness was insufficiently corroborated stating:

> "While the testimony of the other witnesses shows the theft of the cattle and their sale to a packing company by the accomplice, it does not connect appellant with the theft. None of the witnesses place appellant near the scene of the theft or in possession of the stolen cattle . . ."

In view of our disposition of this case, it is unnecessary to discuss appellant's other 23 grounds of error. However, in the event of a retrial of this case, we suggest full compliance with Article 38.28, V.A.C.C.P., and the cases cited thereunder concerning impeachment of State's own witness.

The conviction is reversed and the cause remanded.