Leandro **MARTINEZ, Jr.,** Appellant,

v.

**The STATE of Texas,** Appellee.

No. 45689.

Court of Criminal Appeals of Texas.

Sept. 25, 1972.

Byron B. Chappell, John R. McFall, Lubbock, for appellant.

Blair Cherry, Jr., Dist. Atty., and Jim D. Rudd, Asst. Dist. Atty., Lubbock, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This is an appeal from an order revoking probation.

On February 3, 1969, the appellant, having waived trial by jury, entered a plea of guilty before the court to the offense of burglary with intent to commit theft. The punishment was assessed at 3 years, but the imposition of the sentence was suspended and the appellant was placed on probation. Among the conditions of probation was the requirement that he "(a) commit no offense against the laws of this or any other state, or the United States."

On March 30, 1971, the State filed a motion to revoke probation alleging that on March 26, 1971 the appellant had violated the terms of his probation by breaking and entering a motor vehicle of another with intent to commit theft.

On April 8, 1971, after a hearing, appellant's probation was ordered revoked by the court.

The appellant contends the trial court erred in so doing.

The record reflects that on March 26, 1971, about 3:02 a.m., Slaton Police Officer Chavez, who was accompanied by Officer Skelton, observed two "Spanish American" men "walking east to 8th Street from 7th Street" in Slaton. As the officers approached in their patrol car, the two men began to run. After a search of the area, the officers were unable to locate the men, but, upon returning to the place where they were first observed, the officers found a brown paper bag full of Corning Ware glassware.

Knowing appellant's reputation and knowing that the appellant lived nearby, the officers drove to 735 8th Street and set up a surveillance. There they observed the lights in appellant's home come on and go off repeatedly and then saw two men carrying a suitcase "trying to sneak out the back of the residence." When the two men saw the officers, they went back into the house.

After contacting Sgt. Noble, who came to the scene, Officers Chavez and Skelton, along with Noble, knocked on the appellant's door and asked permission to search, detailing the actions of the men they had just seen outside the house. The appellant denied having seen or heard anything and Officer Chavez testified that appellant voluntarily consented to a search of the house stating that "we could go ahead and search the house." The appellant then went back to bed, which was occupied by another man. Appellant's wife was in the kitchen. In a closet right behind the bedroom, the offi-cers found a green Army jacket covering a brown attaché case. In the attaché case, there were letters addressed to "Bill Hutto, 720 South 6th Street."

Sgt. Noble took one of the letters and went to the address on 6th Street. There he observed that the interior light of the motor vehicle of Hutto's wife was on; a car door ajar; papers strewn all over the vehicle, and the stereo tape deck ripped loose from the mounting brackets. He awakened the Huttos who identified the letter and verified that, among other things, the brown attaché case was missing from the vehicle.

Noble then returned to appellant's house where a written consent to search was obtained. Evidence was offered as to the items discovered which belonged to the Huttos. Upon objection that the officers had obtained such written consent after telling the appellant they would get a search warrant if he did not consent, and informing the appellant that his wife and child could not leave for anyone who left the house would be arrested, the court excluded all testimony relating to the second search.

Hutto and his wife testified that she had left the 1970 Ford automobile in question in their driveway and that they had not given the appellant or anyone else permission to break and enter the motor vehicle.

Appellant offered no evidence in his behalf.

Appellant contends the evidence is insufficient to sustain the revocation.

■ Where the evidence shows that a burglary of an automobile has been committed by someone, the accused's unexplained possession of some or all of the property stolen from such automobile is sufficient to sustain a conviction. 4 Branch's Ann.P.C., 2d ed., § 2537, p. 866; 10 Tex.Jur.2d Burglary §§ 87–92, pp. 247–258.

Appellant recognizes such rule, but contends that for it to have application there must be established, among other things, that his possession was personal and exclusive.

He notes that another male and the appellant's wife were also present in the house when the letter was found in the attaché case.

In Beard v. State, 458 S.W.2d 85 (Tex. Cr.App.1970), it was pointed out that the rule is applicable although the defendant contended his possession was not personal and exclusive where it appeared the defendant and another were working together and exercising joint control and possession of the stolen goods and were in close juxtaposition to the goods when discovered.

In the instant case, the officers were seeking to locate two men who had fled from them upon their approach, apparently leaving glassware behind. They then observed two men leave appellant's house with a suitcase who returned immediately to the house when they spotted the officers. When the officers entered appellant's house, after appellant consented to a search, there were only two men in the house. Appellant returned to the bed in the only bedroom where another man reposed. The letter found in the attaché case was found in a closet behind the bedroom.

Under all the circumstances presented, we cannot conclude that the trial court abused its discretion in revoking probation.

Lastly, appellant contends the court erred in admitting evidence seized as a result of an illegal search. Obviously, since the trial judge ruled that the second search was illegal, the contention is directed to the first search of appellant's house. The record does not reflect that the officers gave the "Miranda" warnings

prior to obtaining consent to the first search. While this is considered good police practice, such warnings are not essential to a valid consent. DeVoyle v. State, 471 S.W.2d 77 (Tex.Cr.App.1971). As we view the evidence, the appellant voluntarily consented to the first search of his house.

We conclude the court did not abuse its discretion in revoking probation.[1]

The judgment is affirmed.

---

1. There was evidence produced which reflected that appellant had failed to report to his probation officer at the required times and had failed to report changes of address as required by the conditions of probation. These were not alleged in the motion to revoke probation and there is no evidence that the trial court took the same into consideration in revoking probation.