**Bobby Lee WILLIAMS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45992.**

Court of Criminal Appeals of Texas.

March 28, 1973.

Rehearing Denied May 16, 1973.

Lawrence Green, Dallas, for appellant.

Henry Wade, Dist. Atty., and Mike G. McCollum, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This appeal is taken from a burglary conviction wherein the jury assessed the punishment at 12 years.

Initially, appellant challenges the sufficiency of the evidence to sustain the conviction.

The record reflects the Buckeye Liquor Store, located at Walnut Hill Lane and Shady Trail in Dallas, was broken into during the early morning hours of July 25, 1970. Entry was gained by chopping a large hole in the roof of the building. A shotgun, a rifle, two shotgun shells, and about four cases of whiskey were stolen from the store. In addition, those who entered the establishment tried unsuccessfully to dig the metal floor safe out of the concrete in which it was imbedded.

Ronald Wesch, assistant manager of the store, testified he had "care, custody and control" of the property and that he had assisted in locking and closing the store about 9:30 p. m on July 24th. He related he did not give the appellant or anyone else permission to break and enter the premises in question. He testified he was notified of the burglary about 5:15 a. m. and went immediately to the scene. He identified State's Exhibit No. 1 as a .12 gauge "double ought" buckshot shell that looked like one of three such shells kept in a desk drawer in the store's office, but which had been removed. It was shown to have been recovered on the floor directly underneath the point of entry in the roof above.

At approximately 4:40 a. m. on the date in question, Officer Colvin of the Dallas Police Department saw two men standing outside the Buckeye Liquor Store. As he approached in his vehicle, the men broke and ran in different directions. Neither was shown to be the appellant. Colvin called for assistance and pursued a red-headed man but lost him in an open field full of sunflowers. Colvin then returned to the liquor store.

Officers Weir and Krieger arrived on the scene three minutes after Colvin's call for assistance. They observed a man, later identified as Jerry Don Stokes, running south from the liquor store. Stokes was also seen by Officer Coop who apprehended him approximately 400 yards south of the liquor store. At the time of his arrest, Stokes was wearing a black T-shirt and dark-colored jeans and was covered with a white powder or dust which appeared to be sheetrock material.

As Officers Weir and Krieger proceeded towards the liquor store, a barking dog at a business establishment immediately south of the Buckeye Liquor Store attracted their attention. Upon investigation, they found the appellant crouched down among some rose bushes and a chain link fence about 350 feet from the liquor store in question. When asked what he was doing, he replied he was taking a nap. He later stated he had been with some men earlier and they had tried to mistreat him and he had gotten out of the car at Walnut Hill Lane and Shady Trail.

At the time of his arrest, appellant's clothing was covered with a white powder and a tar-like substance, and Officer Weir found a pair of cloth gloves and two shotgun shells in the bushes where the appellant had been squatting. The .12 gauge shotgun shells were shown to be similar in appearance to State's Exhibit No. 1, the shotgun shell taken from a desk drawer in the store.

Jerry Don Stokes, testifying for the defense, admitted the burglary in question and related he was with two other men. He refused to name these men, but denied that one of them was the appellant, whom he admitted he knew slightly prior to the burglary. He admitted that he and his unnamed confederate, who actually entered the building, both wore gloves. The police were unable to find fingerprints on the burglar tools left behind or on any equipment, etc., in the liquor store.

On cross examination, the defense elicited from Detective Chism, who investigated the burglary, that the day after the burglary the appellant told him that "he (the appellant) was going to beat the case one

way or the other" because he had not been caught in the building.[1]

The court charged the jury on the law of circumstantial evidence.

■ It is well established that the accused's unexplained possession of a part of the recently stolen property is sufficient to sustain his conviction for burglary. Alexander v. State, 170 Tex.Cr.R. 282, 340 S. W.2d 493 (1960); Martin v. State, 459 S. W.2d 845 (Tex.Cr.App.1970); Beard v. State, 458 S.W.2d 85, 87 (Tex.Cr.App. 1970), and cases there cited, and Martinez v. State, 484 S.W.2d 706 (Tex.Cr.App. 1972).

In the instant case, it was shown that three .12 gauge shotgun shells were taken from a desk drawer. One was found on the store's floor and two were found where the appellant was squatting when arrrested. It would appear this evidence is sufficient to sustain the conviction. Even if it can be argued that the latter two shells were not sufficiently identified as having come from the liquor store,[2] the evidence taken as a whole is deemed sufficient to sustain the jury's verdict.

■ Next, appellant complains that the court erred in overruling his motion for dismissal of court-appointed counsel and said counsel's motion to withdraw. While such motions are found in the record, there is no showing that the motions were ever presented to the court, and, certainly, no evidence was adduced in support of the allegations of the motions. The motions were not self-proving. One of the complaints in appellant's motion was that his counsel would not file pre-trial motions. In the record we find several motions for discovery, motions to suppress evidence, a motion to reduce bond, a motion for a separate sanity hearing, motions to quash the indictment, etc.

Further, as the State points out, the court is under no obligation to search for appointed counsel until it finds one who is satisfactory to the indigent defendant. Martin v. State, 460 S.W.2d 919 (Tex.Cr. App.1970).

■ Further, the appellant contends the court "materially erred" in failing to require the State to produce the grand jury testimony. Some six days prior to trial, a motion to inspect such testimony was filed. There is no order showing the action of the trial court thereon. At the close of the State's case in chief, appellant's counsel again requested such testimony indicating the court had ordered the production of the same. The court responded that there was no showing as to the availability of such testimony.

It is clear that an accused is not ordinarily entitled to inspect grand jury testimony for the purpose of discovery in general, regardless of whether the request therefor is made before or during trial, absent a showing of a "particularized need" or the existence of "some special reason." Brown v. State, 475 S.W.2d 938, 948 (Tex.Cr.App.1972); Garcia v. State, 454 S.W.2d 400, 403 (Tex.Cr.App.1970), and cases there cited, and Smith v. State, 455 S.W.2d 748 (Tex.Cr.App.1970). See also Hicks v. State, 482 S.W.2d 186 (Tex.Cr. App.1972); 1 Branch's Ann.P.C., 2d ed., § 103, p. 116.

No "particularized need" having been shown, there is no merit to appellant's contention.

1. During oral argument, appellant's counsel explained that he knew that oral statements made while under arrest are generally inadmissible but that question had been asked at the appellant's insistence and the answer was not expected. He argued the officer's recollection was faulty as he had earlier referred to the appellant as Watkins instead of Williams.

2. Wesch, the complaining witness, was not asked to identify State's Exhibits No. 2 and 3, the two shells found where the appellant was hiding, and the exhibits have not been brought forward with the appellate record.

Appellant also complains that proper predicate was not laid for the introduction of certain photographs showing the scene of the burglary. We have carefully examined the testimony concerning the predicate and, while it may not have been laid letter perfect, we conclude the predicate was sufficient for the introduction of each photograph admitted.

■ Complaint is also made that the court erred in admitting testimony relating to the effect of parole. On cross examination, the defense witness Stokes admitted he had prior five-year felony convictions. He then was asked:

"Q When did you get down there?

A I arrived in the diagnostic center March the 8th.

Q March the 8th of '67?

A Yes, sir.

Q When were you released?

A September, '69."

At this point, appellant objected that such line of questioning sought to show "the length of time actually served on the sentence and to show the effect of parole." The objection was overruled. Without more, we cannot say that such testimony was subject to the objection made.

■ Lastly, appellant contends that a prior void Louisiana conviction was introduced as a part of his "prior criminal record" at the penalty stage of the trial. See Article 37.07, Vernon's Ann.C.C.P. Appellant points out that the record evidence of such conviction is silent as to counsel and, therefore, the conviction could not be used for enhancement of punishment. At the time the exhibit in question was offered, there was no objection offered, and there is no showing in the record that at the time of such prior conviction the appellant was indigent, without counsel, and did not waive the same. See Turner v. State, 482 S.W.2d 277 (Tex.Cr.

App.1972); Lott v. State, 480 S.W.2d 743 (Tex.Cr.App.1972); Frazier v. State, 480 S.W.2d 375 (Tex.Cr.App.1972). See also Cherry v. State, 488 S.W.2d 744 (Tex.Cr.App.1972).

Appellant has attached to a supplemental brief a certified copy of a "ruling" of the United States District Court, Western District of Louisiana, holding a 1962 Louisiana burglary conviction of appellant's to be void due to the absence of counsel. Even if we could consider affidavits and "rulings" merely attached to briefs, we find the error, if any, to be harmless. There were 18 other prior convictions introduced at the penalty stage of the trial and the introduction of one possible void conviction, without objection, and without a showing of indigency, etc., is clearly harmless error under the circumstances. See Joshlin v. State, 468 S.W.2d 826 (Tex.Cr.App.1971).

Finding no reversible error, the judgment is affirmed.