

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-21-00041-CR

———————————————

DALTON BRYCE MASSIE-WEAVER, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 355th District Court
Hood County, Texas
Trial Court No. CR14301

Before Womack and Wallach, JJ; Lee Gabriel (Senior Justice, Retired, Sitting by Assignment)
Memorandum Opinion by Justice Gabriel

## MEMORANDUM OPINION

Appellant Dalton Bryce Massie-Weaver appeals from a jury verdict convicting him of two counts of assault of a family member enhanced by a prior conviction. *See* Tex. Penal Code Ann. §§ 22.01(a), (b)(2)(A). The jury assessed Massie-Weaver's punishment for each count at ten years' confinement in the Institutional Division of the Texas Department of Criminal Justice and a $5,000 fine. The trial court sentenced Massie-Weaver and entered judgment accordingly. In his sole issue, Massie-Weaver complains that the trial court erred in denying his trial counsel's motion to withdraw. We affirm.

## I. BACKGROUND[1]

Massie-Weaver was indicted on October 10, 2018 for two counts of assault of a family member with a previous conviction.[2] The dates of the offenses alleged were June 27, 2018 and July 23, 2018. While the record before this court does not contain the order granting Massie-Weaver's request for a court-appointed attorney, a docket notation reflects that counsel was appointed on July 26, 2018. The trial court denied a second application for appointment of counsel filed on November 15, 2018, noting that Massie-Weaver "has appointed counsel." On October 3, 2020, Massie-Weaver

---

[1]Because this opinion concerns only the trial court's ruling on the motion to withdraw, we will dispense with a discussion of the factual allegations that led to the charges.

[2]Massie-Weaver was also indicted for the offense of continuous family violence but that count was later dismissed.

2

again applied for appointed counsel. This application was denied with the same notation.

On December 29, 2020, trial counsel for Massie-Weaver filed a motion for competency examination due to his "long history of mental illness" and his inability to "effectively communicate with counsel." The trial court signed an agreed order appointing an expert to examine Massie-Weaver and to report his findings on the issue of competency to the court. The expert filed his report on January 29, 2021 finding that while Massie-Weaver was competent to stand trial, he was a "less than perfect defendant" who had the abilities to "cooperate with counsel if [he] cho[se] to do so."

On February 25, 2021, approximately a month before trial, counsel filed a motion to withdraw stating that Massie-Weaver was "belligerent and difficult to communicate with." Counsel stated the relationship became more difficult after she filed the motion for competency examination because Massie-Weaver would "come up with various legal theories that were not applicable to his case, and refus[ed] to listen to the law as it actually applies to his case." A seven-line letter from Massie-Weaver to his counsel containing offensive language and asking her to "remove herself from [his] case" was attached to the motion. The trial court held a hearing on this motion on March 8, 2021. Trial counsel presented argument only, based on the same grounds contained in the motion. Counsel concluded the argument by stating,

"[Massie-Weaver] actually ordered me to do this, so I — that's another reason." After the brief hearing, the trial court denied the motion.

The trial commenced on March 22, 2021. The State called five witnesses before resting its case in chief. Counsel for Massie-Weaver then requested that the jury be excused while she questioned appellant about how he wished to proceed. Counsel asked if she had discussed his right to testify with him and he responded "Yes, ma'am, you have. Thank you." When asked whether he wished to testify, he stated, "[A]t this time I would like not to testify." The defense rested without calling any witnesses. The jury found Massie-Weaver guilty of each count of assault of a family member enhanced by a prior conviction.

During the punishment stage of the trial, the State recalled a witness who had testified in the guilt or innocence phase that she had been in a three-year dating relationship with appellant.[3] While the witness was testifying about how appellant had assaulted her on multiple occasions, Massie-Weaver spoke up stating, "I think you mean someone else." When trial counsel told him to "hush," Massie-Weaver responded to his counsel by stating, "Shut your f****** mouth." Immediately after this colloquy, the State rested. Defense counsel then called Massie-Weaver's mother as a witness. Counsel questioned her about her son's mental health issues beginning when he was four to five years old. Massie-Weaver's mother explained the many

---

[3]The witness initially testified that during that period, Massie-Weaver had assaulted her and was convicted for that offense.

diagnoses he had received since he was seven and answered questions concerning the approximately 70 hospitalizations he had experienced. After cross-examination by the State, both sides rested and closed their case. The jury assessed punishment at ten years' confinement in the Institutional Division of the Texas Department of Criminal Justice and a $5,000 fine for each count. The trial court entered judgment and sentenced Massie-Weaver. Trial counsel filed a notice of appeal and a motion for new trial and motion in arrest of judgment.[4] The motion was overruled by operation of law. *See* Tex. R. App. P. 21.8(c). Appellant's court-appointed trial counsel filed a motion to withdraw. That motion was granted and the trial court appointed appellate counsel.

## II. DISCUSSION

On appeal, Massie-Weaver contends that the trial court erred in denying his attorney's motion to withdraw because it "would have substantially affected [a]ppellant's rights, and [a]ppellant's ability to have effective representation at trial." "Once an attorney-client relationship is established in the criminal defense context, any potential disruption to the relationship is subject to careful scrutiny—neither the attorney nor the client may sever the relationship without justifying the severance to the trial court." *Guevara v. State*, No. 14-18-00724-CR, 2020 WL 582107, at *1 (Tex.

---

[4]Although the motion was entitled a motion for new trial and motion in arrest of judgment, the only grounds alleged within the motion were that the verdict was contrary to the law and the evidence. The grounds alleged were confined to the grounds for a motion for new trial. *See* Tex. R. App. P. 21.3.

5

App.—Houston [14th Dist.] 2020, no pet.) (mem. op., not designated for publication). We review a trial court's denial of a motion to withdraw for abuse of discretion. *King v. State*, 29 S.W.3d 556, 566 (Tex. Crim. App. 2000); *Johnson v. State*, 352 S.W.3d 224, 227 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd). The trial court abuses its discretion when it acts arbitrarily, unreasonably, or without reference to any guiding rules or principles. *Lyles v. State*, 850 S.W.2d 497, 502 (Tex. Crim. App. 1993). If the trial court's ruling falls within the "zone of reasonable disagreement," there is no abuse of discretion and the trial court's ruling will be upheld. *Santellan v. State*, 939 S.W.2d 155, 169 (Tex. Crim. App. 1997). Under this standard, we may only consider the information presented to the trial court at the time of its decision. *Williams v. State*, 154 S.W.3d 800, 802 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd).

Once a court has appointed an attorney to represent an indigent defendant, the defendant has been afforded the protections provided by the Sixth and Fourteenth Amendments and Article 26.04 of the Texas Code of Criminal Procedure. *See Malcolm v. State*, 628 S.W.2d 790, 791 (Tex. Crim. App. [Panel Op.] 1982); *Carmichael v. State*, 505 S.W.3d 95, 105 (Tex. App.—San Antonio 2016, pet. ref'd). If a defendant is displeased with appointed counsel, he must bring this to the court's attention and carry the burden of proving the entitlement to a change of counsel. *Malcolm*, 628 S.W.2d at 791. "Upon presenting the motion, appellant had a duty to offer evidence in support of it." *King v. State*, 511 S.W.2d 32, 34 (Tex. Crim. App. 1974); *see*

6

*Williams v. State*, 493 S.W.2d 863, 865 (Tex. Crim. App. 1973) (noting that court-appointed counsel's motion to withdraw is not self-proving and the appellant must produce evidence in support of the allegations of the motion); *Dixon v. State*, No. 01-12-00905-CR, 2014 WL 265854, at *4 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd) (mem. op., not designated for publication) ("The defendant bears the burden of making the trial court aware of his dissatisfaction with counsel, stating the grounds for his dissatisfaction and offering evidence in support of his complaint.").

"Conflicts of personality and disagreements between counsel and client are not automatic grounds for withdrawal." *Solis v. State*, 792 S.W.2d 95, 100 (Tex. Crim. App. 1990). The trial court is under no duty to search for counsel who is agreeable to the accused. *Id.*; *Malcom*, 628 S.W.2d at 791. Further, the right to counsel may not be manipulated so as to obstruct the judicial process or interfere with the administration of justice. *Green v. State*, 840 S.W.2d 394, 408 (Tex. Crim. App. 1992), *abrogated in part on other grounds by Trevino v. State*, 991 S.W.2d 849, 853 (Tex. Crim. App. 1999); *Wallace v. State*, 618 S.W.2d 67, 70 (Tex. Crim. App. 1981).

Massie-Weaver gave no reason for his second and third requests for a court-appointed attorney—particularly in view of the fact that the trial court had already appointed one. He did not inform the court he was displeased with his current counsel. Counsel's motion to withdraw was filed less than a month before the case was set for trial and after counsel had represented Massie-Weaver for 956 days. At the hearing, counsel argued that Massie-Weaver was difficult to work with and that

another attorney "might" be able to communicate with him better. She also asked the court to consider the letter Massie-Weaver sent her containing what she stated were "slurs toward [her] gender" and that demanded she remove herself from his case. This is all the information before the court at the time of its ruling.

The record reflects that by the time the motion to withdraw was filed on February 25, 2021, counsel had worked on the case for well over two years and trial was scheduled in less than 30 days. Given the amount of time devoted by counsel to the case, and the timing of Massie-Weaver's demand to file the motion to withdraw, substitution of counsel could have necessitated delay of the trial.[5] Moreover, although Massie-Weaver and his counsel were given the opportunity to offer evidence in support of the motion to withdraw, they failed to do so and simply referred the trial court to a seven-line letter and highlighted disagreements and personality disputes. Given these circumstances, Massie-Weaver has not shown that the trial court abused its discretion in denying the motion to withdraw.[6]

---

[5]In his brief on appeal, Massie-Weaver' counsel represents that at the hearing on the motion to withdraw, "[Trial] counsel[] assur[ed] that new counsel could prepare for trial even with limited time." That statement does not appear anywhere in the record from the hearing on the motion to withdraw.

[6]Massie-Weaver cites only one case in his brief to this court: *Villegas v. Carter*, 711 S.W.2d 624 (Tex. 1986). In that civil case, the issue was whether a trial court abused its discretion by denying a motion for continuance after allowing the attorney to withdraw two days before trial. *Id.* at 625. The issue in *Villegas* is highly distinguishable from the current criminal case and moreover *Villegas* is not relevant to this analysis.

Massie-Weaver further summarily argues that the trial court's denial of the motion to withdraw would have affected appellant's ability to have effective representation at trial. The record does not support this conclusion. A careful examination of the record shows trial counsel filed a motion for competency examination because she was concerned about Massie-Weaver's mental competency to understand her advice regarding whether to take a plea or go to trial. Indeed, trial counsel filed multiple pre-trial motions. She cross-examined witnesses called by the State and called Massie-Weaver's mother as a witness in the punishment phase of the trial to explain her son's mental health issues to the jury. Following the trial, counsel filed a notice of appeal in addition to a motion for new trial and motion in arrest of judgment. There is no indication in the trial record that counsel was unable to do an adequate job at trial, nor any indication that she did not provide effective assistance of counsel. Given this review of the record, we cannot say that the trial court abused its discretion in denying the motion to withdraw. We overrule appellant's sole issue.

### III. CONCLUSION

Having overruled Massie-Weaver's sole issue, we affirm the judgment of the trial court.

/s/ Lee Gabriel
Lee Gabriel
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: March 31, 2022

9