IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-91-159-CR




FRED A. BRAGG, JR.,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT


NO. 103,651, HONORABLE WILFORD FLOWERS, JUDGE


 





PER CURIAM

 The district court found appellant guilty of burglary of a habitation and assessed
punishment at imprisonment for eight years. Tex. Penal Code Ann. § 30.02 (1989). Appellant
contends the evidence is insufficient to sustain the conviction. This contention is without merit.

 On the afternoon of February 25, 1989, a residence on Pecan Springs Road in
Austin was burglarized. The property taken included two bicycles. John Reed, who happened
to be riding his bicycle by the house at the time, saw two men loading the property into a grey
pickup truck. Reed worked at a nearby bicycle store, Buck's Bikes. He told the owner of the
store, Peter Buck, what he had seen, and suggested that Buck be on the lookout in case the thieves
tried to sell the stolen bicycles to him.

 Sure enough, the suspect pickup drove up to the bicycle store two days later. Two
men, Kenneth Robinson and appellant, got out of the truck and entered the store. Robinson
offered to sell the two stolen bicycles to Buck. Buck asked to see some identification, and
appellant produced his driver's license. Buck purchased the bicycles then called the police.

 Robinson testified for the State. Robinson stated that he and appellant burglarized
the house, stole the bicycles, and sold them at Buck's Bikes. Appellant also testified. He denied
participating in the burglary. He admitted helping Robinson sell the bicycles, saying that
Robinson paid him $10.

 A conviction cannot rest on the testimony of an accomplice unless that testimony
is corroborated by other evidence tending to connect the defendant to the offense. Tex. Code
Crim. Proc. Ann. art. 38.14 (1979). In this cause, appellant's participation in the sale of the
bicycles provides the necessary corroboration. Tolley v. State, 717 S.W.2d 334 (Tex. Crim. App.
1986).

 Appellant argues that the inference of guilt arising from the unexplained possession
of recently stolen property does not arise in this cause because he was not shown to have
personally possessed the bicycles, and because he offered an explanation in any event. See
Rodriguez v. State, 549 S.W.2d 747 (Tex. Crim. App. 1977). The opinions relied on by appellant
address the sufficiency of the evidence to convict. In this cause, however, the question is merely
whether the evidence is sufficient to corroborate the accomplice testimony. The corroborative
evidence need not be sufficient to convict. Tolley, 717 S.W.2d at 335-36.

 The independent evidence is sufficient to corroborate the accomplice testimony. 
The evidence as a whole, including the accomplice testimony, is sufficient to sustain the
conviction.

 The judgment of conviction is affirmed.



[Before Chief Justice Carroll, Justices Aboussie and Kidd]

Affirmed

Filed:  November 20, 1991

[Do Not Publish]