Daniel W. MEYERS, Appellant,

v.

The STATE of Texas, Appellee.

No. 61499.

Court of Criminal Appeals of Texas, Panel No. 1.

Jan. 27, 1982.

J. D. Blassingame, Meridian, for appellant.

Robert Huttash, State's Atty., Austin, for the State.

Before ROBERTS, CLINTON and McCORMICK, JJ.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction of aggravated robbery. The jury assessed punishment at confinement for ninety-nine years.

In his sole ground of error, the appellant contends that the evidence is insufficient to corroborate the testimony of an accomplice witness.

Michael Marlow was an accomplice witness as a matter of law. The trial court so instructed the jury. Marlow testified that he had met the appellant and his brother, Charles Meyers, in a lounge in Birmingham, Alabama, around July 8, 1978. The three drove to Michigan and then came to Texas with Charles' girlfriend. They drove a 1976 Oldsmobile with Michigan license plates. They came to Waco and registered at the Holiday Lodge Motel under the name of Richard Davis. They checked into the motel on July 16, 1978, and stayed only that night. They all stayed in the same room. While at the motel they planned to commit a robbery at a drug store in Clifton or Meridian.

The next day Charles Meyers stole a dark green 1965 Mustang in Waco. Because Charles had cut his finger "pretty bad," the appellant began driving the Mustang. The two Meyers brothers followed Marlow and the woman to Clifton. When they arrived in Clifton, they changed their minds about carrying out the robbery there, and instead drove on to Meridian. They first parked the Mustang outside of town and drove into town in the Oldsmobile to get gas. The gas station is about thirty yards from the Circle Cafe. The four of them then returned to the Mustang, and the three men drove back to town in the Mustang. Marlow was the driver.

Shortly before 1:00 p. m., the three men entered the See Right Drugstore in Meridian. Marlow entered first, followed by the appellant and his brother. Marlow was armed with a knife, the appellant had a pistol, and Charles Meyers had a sawed-off shotgun. The Meyers brothers had bandanna masks covering their faces; Marlow was wearing a bandanna, but forgot to cover his face. Marlow approached one of the three women sales clerks on duty at the time and put his knife near her face. He asked her where the narcotics were. When she replied that she didn't know, Marlow got her by the arm and went behind the sales counter where he saw the safe. The three men then forced the three women to lie on the floor and taped their hands with duct tape. They left the drugstore with a quantity of money and drugs.

The three men got back in the Mustang and drove to the dirt road about three miles out of town where Charles Meyers' girlfriend was waiting in the Oldsmobile. Marlow drove the Mustang through a barbed

wire fence. The three men then removed the drugs and money from the car. All four people got in the Oldsmobile and drove toward Hillsboro. From there they drove to Waco and then to Houston.

The three men were later arrested in Houston, and returned to Bosque County. Marlow pleaded guilty to the robbery offense.

The three women who were working in the drugstore testified to the same basic details of the offense. One identified Marlow as the man with the knife. None identified either the appellant or his brother. None saw the vehicle the robbers used.

Shortly after the robbery, Sheriff Roberts found the Mustang near a dirt road. It had been "hot-wired" and was still running. Inside he discovered blood on the floorboard and on the gearshift. He also found a cigar box which had come from inside the safe at the drugstore, and parts of the instruction sheets from some of the drugs which were taken in the robbery. In addition the sheriff found a knife on the floor of the Mustang which had blood on it. Laboratory analysis showed that the blood was type O, the same type as the blood on the floor and gearshift of the car.

Bryan Hill testified that he saw the appellant and Marlow in the Mustang outside the Circle Cafe at about 12:00 noon. He saw them again at a highway intersection a few blocks from the drugstore about 12:30 p. m. Both times Marlow was driving and the appellant was seated in the front passenger seat.

Leona Snelson, the desk clerk at the Holiday Lodge in Waco, testified that her records showed that on July 16, 1978 a man and three other adults registered for a single room for the night. The man signed the register as Richard Davis. The records also showed that the man was driving an Oldsmobile with Michigan license plates. Although the records did not show that these people checked out of the motel, Snelson testified that they were not in the motel when she pulled their card at 4:05 p. m. on July 17. Snelson did not identify the appellant or Marlow.

James Wright, a Texas Ranger, assisted Sheriff Roberts in his investigation. After the appellant's arrest in Houston, Wright brought him back to Bosque County. He testified that the appellant was originally arrested under the name of Richard Davis, and that the appellant had with him at the time of his arrest a driver's license with the name of Richard Davis on it.

V.A.C.C.P., Article 38.14, requires corroborating evidence which tends to connect a defendant with the offense in order to support a conviction based upon accomplice testimony. The appellant argues that the evidence which corroborates the testimony of Marlow is insufficient to connect the appellant to the robbery.

■ The test of sufficiency of the corroborating testimony requires that we eliminate from consideration the evidence of the accomplice witness and then examine the testimony of the other witnesses to ascertain if there is inculpatory evidence which tends to link the accused with the commission of the offense. If there is such evidence the corroboration is sufficient; otherwise, it is not. *McManus v. State*, 591 S.W.2d 505 (Tex.Cr.App.1979); *Shannon v. State*, 567 S.W.2d 510 (Tex.Cr.App.1978). The corroborative testimony need not directly link the accused to the crime or be sufficient in itself to establish guilt. *Shannon v. State*, supra; *Lyman v. State*, 540 S.W.2d 711 (Tex.Cr.App.1976). It need only make the accomplice witness' testimony more likely than not. *Warren v. State*, 514 S.W.2d 458 (Tex.Cr.App.1974). However, the mere showing that an offense occurred is not sufficient corroboration. *McManus v. State*, supra; *Carrillo v. State*, 566 S.W.2d 902 (Tex.Cr.App.1978); *Windham v. State*, 479 S.W.2d 319 (Tex.Cr.App.1972). Furthermore, the mere presence of the accused in the company of the accomplice shortly before or after the commission of the offense is not, in itself, sufficient corroboration. *Etheredge v. State*, 542 S.W.2d 148 (Tex.Cr.App.1976); *Ayala v. State*, 511 S.W.2d 284 (Tex.Cr.App.1974).

The testimony of Leona Snelson was that a man registered under the name of Richard Davis at her motel in Waco on July 16, the day before the commission of this offense. He was accompanied by two men and a woman, and their car was an Oldsmobile with Michigan license plates. The testimony of James Wright was that at the time of the appellant's arrest in Houston he had a driver's license with the name Richard Davis on it. The testimony of Bryan Hill was that he saw the appellant and Marlow together in the Mustang on two occasions in Meridian shortly before the commission of the offense. And finally the testimony of Sheriff Roberts was that he discovered some items taken from the drugstore in the Mustang.

Although this testimony placed the appellant near the drugstore shortly before the time of the offense, as noted above mere presence of the accused in the company of the accomplice shortly before or after the time of the offense is not, in itself, sufficient corroboration of the testimony of the accomplice. Furthermore, although the testimony of Sheriff Roberts established the presence of items from the drugstore in the Mustang, there was no testimony, other than that of the accomplice, to link the appellant with the robbery.

We hold that the evidence is insufficient to tend to connect the appellant with the commission of the crime.

We reverse the judgment and order that a judgment of acquittal be entered. A copy of this opinion shall be delivered to the Texas Department of Corrections.