William D. Dupree, Denison, for appellant.

Stephen Davidchik, Co. Atty. and James H. Holt, Asst. Co. Atty., Sherman, Robert Huttash, State's Atty., Austin, for State.

**Roy Dean TOLLEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 119–85.

Court of Criminal Appeals of Texas, En Banc.

May 14, 1986.

OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

WHITE, Judge.

Appellant was found guilty by a jury of the offense of burglary of a habitation in Grayson County. See V.T.C.A., Penal Code Sec. 30.02. The jury assessed punishment of thirty five years in the Texas Department of Corrections and a fine of $10,-000.00.

Appellant appealed his conviction to the Dallas Court of Appeals alleging five grounds of error. The Court of Appeals,

finding that the evidence corroborating the accomplice's testimony was insufficient to support the conviction, reversed the trial court and ordered an acquittal, citing *O'Donald v. State*, 492 S.W.2d 584 (Tex.Cr. App.1973), as controlling. See Art. 38.14, V.A.C.C.P. That opinion was not published. *Tolley v. State*, (No. 05–83–01095–CR, Dec. 6. 1984).

We granted the State's petition for discretionary review to determine if the decision of the Court of Appeals has misapplied our holding in *O'Donald*, supra, to the instant case; and whether the Court of Appeals utilized the right standard for review in determining the sufficiency of the evidence in this case. Since we believe the Court of Appeals has erroneously applied the rule on accomplice testimony by its holding and interpretation of *O'Donald*, supra, we will reverse the Court of Appeals.

The facts of the case reveal that during the daylight hours of December 10, 1981, the home of the complaining witness, Bill Jennings, was burglarized. Gerald Griffith, who pled guilty to a charge on the same burglary and was sentenced to four years imprisonment, testified that appellant came by his [Griffith's] house about 10:00 a.m. on the day of the burglary. Appellant asked Griffith if he wanted to go ride around and drink beer and Griffith obliged. Appellant, Griffith, and two young boys whom Griffith didn't know, drove by the home of Bill Jennings. Appellant asked the two boys if they wanted to go inside the house, and they said they did. After the two boys got out of the car, appellant and Griffith drove up the street approximately a quarter of a mile, turned around, and drove back to the house. Then according to Griffith, appellant got out and went into the house while Griffith, alone now, drove up and down the street again. When Griffith arrived back at the house, appellant and the two boys came running out of the house with guns, cameras, and jewelry boxes.

Jerry Dickson testified that one Gerald Griffith, from whom he had previously purchased a gun, called him to arrange the sale of some guns on the evening of December 10, 1981. Appellant and Griffith went to Dickson's home with the guns and a chainsaw. Dickson paid $250.00 for the guns and chainsaw. Dickson inquired as to whether the guns were stolen, and was told they were not. Dickson further testified that at the request of Griffith,[1] he [Dickson] made out a check for $200.00 to appellant and gave Griffith $50.00 in cash.

Dickson subsequently contacted police to see if any guns had been reported stolen. He gave a description of the weapons to police, and a few days later the guns were determined to be those of Bill Jennings. Jennings testified that four or five guns, some cameras, and jewelry were missing as a result of the burglary. All but one of the weapons were eventually returned to him.

The trial court instructed the jury that Gerald Griffith was an accomplice as a matter of law, and his testimony alone could not sustain a verdict of guilty, but that the jury must find *other* evidence tending to connect the defendant with the offense committed. The trial court further charged the jury that corroboration is not sufficient if it merely shows the commission of the offense.

The Court of Appeals cites *Meyers v. State*, 626 S.W.2d 778 (Tex.Cr.App.1982), to show the test for determining the sufficiency of corroborating evidence. The portion of *Meyers*, supra, set out by the Court of Appeals, reads as follows:

> "The test for sufficiency of the corroborating testimony requires that we eliminate from consideration the evidence of the accomplice witness and then examine the testimony of the other witnesses to ascertain if there is inculpatory evidence which tends to link the accused with the *commission* of the offense. If there is such evidence the corroboration is sufficient; otherwise, it is not. The corrobo-

1. Griffith disputed this statement, contending that it was appellant, and not he, who requested that Dickson make the check out to appellant.

rative testimony need not directly link the accused to the crime or be sufficient in itself to establish guilt. However, the mere showing that an offense occurred is not sufficient corroboration. Furthermore, the mere presence of the accused in the company of the accomplice shortly before or after the commission of the offense is not, in itself, sufficient corroboration. *Meyers v. State*, 626 S.W.2d 778, 780 (Tex.Cr.App.1982). (citations omitted) (emphasis added)." [by the Court of Appeals].

The Court of Appeals states that the only evidence offered by the State to corroborate Griffin's accomplice testimony is that of Jerry Dickson. Those facts, set out in the Court of Appeals' opinion, were:

(1) appellant was in the presence of the accomplice some hours after the crime;

(2) the appellant and accomplice had joint possession of the stolen guns; and

(3) the appellant accepted a check for the guns.

The Court of Appeals felt that the aforementioned testimony did not satisfy the rule quoted from *Meyers*, supra. *Meyers*, supra, does not address the specific situation we are currently reviewing. Specifically, *Meyers*, supra, does not speak of the second material fact of Jerry Dickson's testimony noted by the Court of Appeals, that of joint possession of *stolen* guns. *Meyers* was a robbery case, and although the sheriff established that items from the drugstore where the robbery occurred were in the getaway car, there was no testimony, other than that of the accomplice, to link the appellant with the robbery. In *Meyers*, the items in the car were not shown to have been stolen. 626 S.W.2d at 781.

The Court of Appeals also holds that *O'Donald*, supra, is similar enough to be applicable to the facts of the present case. *O'Donald*, supra, was an accomplice case involving a theft of grain from a commercial grain elevator. The defendant accepted a check for $1500.00 for selling the allegedly stolen grain. Although there the defendant was shown to be in possession of

the grain, there was no evidence, other than that of the accomplice, that the grain was stolen from the Randall County Feed Yard, or from anywhere else. The manager of the feed yard even testified he did not know if *any* grain at all was taken. 492 S.W.2d, at 586 [emphasis added].

■ Each corroborating testimony case must be individually considered on its own facts. *Walker v. State*, 615 S.W.2d 728 (Tex.Cr.App.1981). In the present case, the non-accomplice testimony of Bill Jennings, the complaining witness, and Jerry Dickson, the purchaser of the firearms, indicate that the guns possessed by appellant were in fact stolen. *Meyers*, supra, and *O'Donald*, supra, are not on point because neither address the issue of whether possession of *stolen* property is sufficient to corroborate accomplice testimony.

■ We find that the evidence of possession by appellant of property shown to be stolen by the non-accomplice testimony of Jerry Dickson and Bill Jennings is sufficient to corroborate the accomplice testimony of Griffith in order to establish appellant's guilt. See *Alexander v. State*, 170 Tex. Cr.R. 282, 340 S.W.2d 493 (1961), *Tucker v. State*, 689 S.W.2d 235 (Tex.App.—El Paso, 1985) (pet. refused).

Accordingly, the judgment of the Court of Appeals is reversed, and the cause is remanded to consider the appellant's other grounds of error.

CLINTON, J., concurs in the result.

TEAGUE, Judge, concurring.

The majority opinion correctly holds that the Dallas Court of Appeals erroneously interpreted *O'Donald v. State*, 492 S.W.2d 584 (Tex.Cr.App.1973), which I find is understandable, perhaps because of the way that opinion was written. I write because I find that the evidence is sufficient even without the testimony of the accomplice witness Dickson; thus, it is unnecessary to concern ourselves with the doctrine that an accomplice witness' testimony must be corroborated.

First, however, I will address *O'Donald,* supra, and some of the rules that govern the testimony of an accomplice witness.[1]

The key to understanding *O'Donald,* supra, lies in what the author of that opinion stated and underscored on page 587 of the opinion, to-wit: "In this case the evidence corroborates the details of the renting of the truck and the selling of a load of grain, but *no evidence outside of the accomplice witness' testimony shows that any grain was taken or tends to connect the appellant with the taking of grain,* if it was taken, from the bins of the Randall County Feed Yard." Thus, under the rules of law that govern corroboration of an accomplice witness' testimony, *O'Donald* is sound as a 1933 silver dollar.

The Legislature of this State has mandated that before a conviction based upon the testimony of an accomplice witness might be sustained, there must be independent evidence, outside of the accomplice witness' testimony, that tends to connect the defendant with the offense for which he stands convicted. Art. 38.14, V.A.C.C.P.

Where the State relies upon an accomplice witness' testimony to sustain a conviction for the offense of burglary, as here, the accomplice witness' testimony must first be discarded. The evidence then must be reviewed to determine whether there is independent evidence that a burglary occurred *and* whether there is independent evidence that tends to connect the defendant to the burglary.

In this instance, in its assertion that the evidence is sufficient to sustain the appellant's conviction, the State also relies upon the fact that the defendant was found in recent and exclusive possession of property that came from the burglary, in order to connect the defendant to the burglary. However, the appellant gave a reasonable explanation why he had possession of the ill gotten goods that were sold to Dickson. Thus, the State had the burden to prove the falsity of such statement. By the jury's verdict, it rejected the appellant's explana-

tion of how he obtained possession of the goods.

In this instance, through the testimony of the complaining witness, the State established the offense of burglary. Through the testimony of Dickson, the purchaser of the ill gotten goods, the State established that the appellant was in recent and exclusive possession of the goods. The State also proved that the appellant received part of the proceeds from the sale of the goods to Dickson. By the jury's verdict, it rejected the appellant's explanation of how he had obtained possession of the goods. Thus, this case falls within the following rule: Where there is independent evidence of a burglary *and* the defendant is shown to be in recent possession of property that came from the burglary, *and* the jury has rejected the defendant's explanation of how he obtained possession of the goods, this will be sufficient to sustain a conviction for the offense of burglary. Thus, even without the testimony of the accomplice witness Dickson, the evidence is sufficient to sustain the appellant's conviction.

With the testimony of the accomplice witness, this made the evidence more than sufficient to sustain the appellant's conviction for the offense of burglary. In short, both factually and legally, the appellant is dead in the water as far as his challenge to the sufficiency of the evidence goes.

In this instance, Hon. Robert Huttash, the State Prosecuting Attorney, is absolutely correct when he states that the court of appeals "simply missed the boat in this case."

---

1. The defendant in *O'Donald,* supra, was convicted of the offense of felony theft. The State's case was dependent upon the testimony of an accomplice.