IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1647-06






JAMES MALONE, Appellant



v.



THE STATE OF TEXAS






ON STATE'S PETITION FOR DISCRETIONARY REVIEW

FROM THE FOURTEENTH COURT OF APPEALS

BRAZORIA COUNTY




 Keasler, J., delivered the opinion for a unanimous Court.


O P I N I O N


 The court of appeals held that the corroborating, non-covert agent evidence at James
Malone's trial did not sufficiently "tend to connect" Malone to the offense of possession of
a controlled substance with intent to deliver under the rule governing testimony from a covert
agent, Article 38.141 of the Texas Code of Criminal Procedure. (1) We hold that the
corroborating evidence is sufficient and reverse the judgment of the court of appeals. 

Background Jay Grimes, a narcotics investigator with the Clute Police Department, initiated a
narcotics investigation of Malone in the fall of 2003. Toward that end, Investigator Grimes
used two informants, Jason Harris and Christopher Olachia, to make a controlled buy of
crack cocaine from Malone. Investigator Grimes gave Harris and Olachia $1,000 cash and
a tape recorder to capture the transaction. He then thoroughly searched Harris and Olachia
and their car to ensure the validity of the transaction and instructed Harris and Olachia not
to communicate with anyone other than Malone. After this, Investigator Grimes followed
Harris and Olachia to Malone's house in an unmarked patrol car, watching them the entire
way. 

 On arrival, Investigator Grimes parked his unmarked police car adjacent to Malone's
house so that he could watch Harris and Olachia. Malone was outside of his house helping
a woman maneuver her car out of his muddy driveway. With Investigator Grimes watching,
Harris and Olachia joined Malone as he continued to help the woman free her car from the
mud. When the woman's car was finally freed, Harris and Olachia followed Malone inside
the house. Although no one initially entered the house with Harris, Olachia, and Malone, at
trial Olachia testified that an unknown man entered and left the house while they were there. 
Olachia further testified that Malone cooked the crack cocaine while they waited. After
waiting for approximately an hour and twenty minutes, Harris and Olachia purchased $1,000
worth of crack cocaine and returned in their car to the police department, followed by
Investigator Grimes. 

 Once at the police station, Investigator Grimes searched Harris and Olachia and their
car, collected the crack "cookies," and retrieved the tape recording of the transaction. The
search revealed that Harris and Olachia no longer had the $1,000 and that they had several
cookies of crack. 

 At trial, the State played Olachia's recording of the drug transaction for the jury with
intermittent stops to allow Olachia to describe what was taking place and to identify the
voices on the tape. The State offered Investigator Grimes's testimony to corroborate the
events described by Olachia on the recording. 

 The jury found Malone guilty of possession of a controlled substance with intent to
deliver and sentenced him to twenty-five years' imprisonment. 

 The Fourteenth Court of Appeals reversed and entered a judgment of acquittal. (2) The
court of appeals held that the evidence against Malone was legally insufficient because the
judgment was based on insufficiently corroborated testimony of a covert agent in
contravention of Texas Code of Criminal Procedure, Article 38.141. (3) The court concluded
that the evidence was insufficient to connect Malone to the crime because, not only was
Olachia the only witness who was able to identify Malone's voice on the tape recording, he
was the only individual to describe what occurred on the tape. (4) The court noted that,
although the evidence offered by the State showed that Malone was "present at the scene of
the crime," it was not sufficient to corroborate Olachia's testimony "absent . . . other
suspicious circumstances" that would tend to connect Malone to the offense. (5) 

 We granted the State's petition for discretionary review, which presents three
questions for our consideration:

 1. Is a defendant "merely present" when a substantial drug transaction is
made at his residence when he is at home and has invited the purchasers
inside?


 2. Is evidence that would supply probable cause to arrest a defendant
sufficient to "tend to connect" him to the commission of the offense
under Tex. Code Crim. Proc. Ann. art. 38.141?


 3. Does evidence that affirmatively links a defendant to contraband "tend
to connect" him to the commission of the offense under Tex. Code
Crim. Proc. Ann. art. 38.141?


Analysis

 Article 38.141 of the Texas Code of Criminal Procedure, which governs testimony 
provided by a covert agent in a case where the defendant is charged with an offense under
Chapter 481 of the Texas Health and Safety Code, states:

 (a) A defendant may not be convicted of an offense under Chapter 481, Health
and Safety Code, on the testimony of a person who is not a licensed peace
officer or a special investigator but who is acting covertly on behalf of a law
enforcement agency or under the color of law enforcement unless the
testimony is corroborated by other evidence tending to connect the defendant
with the offense committed.

 (b) Corroboration is not sufficient for the purposes of this article if the
corroboration only shows the commission of the offense.

 (c) In this article, 'peace officer' means a person listed in Article 2.12, and
'special investigator' means a person listed in Article 2.122. (6)

 Because the State's grounds for review ultimately implicate the proper sufficiency
standard of review for corroborating evidence under Article 38.141(a), the issues before us
require us to confront the larger question--what standard applies in determining whether
covert agent testimony is sufficiently corroborated by other evidence that tends to connect
the defendant to the offense? Lower appellate courts, including the court of appeals in this
case, have applied the standard set out in our cases analyzing sufficiency under the
accomplice-witness rule provided in Article 38.14, Texas Code of Criminal Procedure. (7) The
accomplice-witness rule states: "A conviction cannot be had upon the testimony of an
accomplice unless corroborated by other evidence tending to connect the defendant with the
offense committed; and the corroboration is not sufficient if it merely shows the commission
of the offense." (8) This rule is a "statutorily imposed review and is not derived from federal
or state constitutional principles that define the legal and factual sufficiency standards." (9) 

 When evaluating the sufficiency of corroboration evidence under the accomplice-witness rule, we "eliminate the accomplice testimony from consideration and then examine
the remaining portions of the record to see if there is any evidence that tends to connect the
accused with the commission of the crime." (10) To meet the requirements of the rule, the
corroborating evidence need not prove the defendant's guilt beyond a reasonable doubt by
itself. (11) Rather, the evidence must simply link the accused in some way to the commission
of the crime and show that "rational jurors could conclude that this evidence sufficiently
tended to connect [the accused] to the offense." (12) There is no set amount of non-accomplice
corroboration evidence that is required for sufficiency purposes; "[e]ach case must be judged
on its own facts." (13) In the past, we have observed that circumstances that are apparently
insignificant may constitute sufficient evidence of corroboration. (14) Additionally, we have
stated that "[p]roof that the accused was at or near the scene of the crime at or about the time
of its commission, when coupled with other suspicious circumstances, may tend to connect
the accused to the crime so as to furnish sufficient corroboration to support a conviction." (15) 
But "mere presence alone of a defendant at the scene of a crime is insufficient to corroborate
accomplice testimony." (16)

 Applying the accomplice-witness sufficiency-corroboration standard to the covert-agent rule, the Austin Court of Appeals determined that the Legislature's use of
"substantially the same language" in Articles 38.14 and 38.141 "suggests that the legislature
intended the same standard for corroboration to apply to accomplice witnesses" and covert
agents. (17) The court further observed that Articles 38.14 and 38.141 have a similar
purpose--to ensure that the jury does not consider the testimony from an accomplice or
covert agent "unless it finds that the witness is telling the truth and that other evidence
corroborates the discredited witness's testimony." (18) The court then held: "Because [a covert
agent], like an accomplice, could fall into the same class of a discredited witness with selfish
interests and possibly corrupt motives, the legislature has imposed the same standard of
corroboration for [a covert agent's] testimony." (19) 

 We find the reasoning of the Austin Court of Appeals persuasive. Therefore, we hold
that the standard for evaluating sufficiency of the evidence for corroboration under the
accomplice-witness rule applies when evaluating sufficiency of the evidence for
corroboration under the covert-agent rule. Accordingly, when weighing the sufficiency of
corroborating evidence under Article 38.141(a), a reviewing court must exclude the
testimony of the covert agent from consideration and examine the remaining evidence (i.e.,
non-covert agent evidence) to determine whether there is evidence that tends to connect the
defendant to the commission of the offense. 

 In line with our determination, the State, in its brief, confines its arguments
concerning the use of evidence to support probable cause to arrest and evidence that
affirmatively links a defendant to contraband to non-covert agent evidence. The State
contends that the non-covert agent evidence would have been sufficient to supply probable
cause and therefore is sufficient to tend to connect Malone to the offense. The State further
maintains that the non-covert agent evidence that would affirmatively link Malone to the
drugs under our case law (20) would also provide sufficient corroborating evidence under
Article 38.141. These arguments offer only alternative ways of demonstrating that the non-covert agent evidence in this case is sufficient to tend to connect Malone to the offense. The
same non-covert agent evidence that supports probable cause to arrest or that affirmatively
links a defendant to drugs may also, depending on the particular case, "tend to connect" a
defendant to an offense. However, the introduction of either probable cause or affirmative
links legal principles into a sufficiency analysis under Article 38.141 would unnecessarily
complicate--at the expense of the bench and bar--a well-established standard. In light of
this consideration, we can think of no reason to import separate legal principles into the
corroboration sufficiency analysis under Article 38.141(a). 

 Because the State's arguments can be appropriately characterized as a challenge to the
court of appeals's conclusion, we will now consider whether the court of appeals erred in
holding that the corroborating evidence was insufficient to connect Malone to the offense.
The non-covert agent evidence establishes the following: (1) Investigator Grimes enlisted
Harris and Olachia as informants; (2) Harris and Olachia and their vehicle were searched
prior to the deal to ensure that Harris and Olachia did not have any drugs before their contact
with Malone; (3) Investigator Grimes provided Harris and Olachia with $1,000 cash and a
tape recorder; (4) Investigator Grimes followed Harris and Olachia to Malone's house,
keeping them in sight the entire way; (5) upon arrival at Malone's house, Investigator Grimes
witnessed Malone, Harris, and Olachia help an unknown woman remove her vehicle from
the mud in Malone's driveway; (6) Investigator Grimes observed Malone, Harris, and
Olachia enter Malone's house with Malone's permission; (7) after roughly eighty minutes,
Harris and Olachia left Malone's house, returned to the Clute Police department followed by
Investigator Grimes, and turned over the tape recording and the cookies of crack cocaine.

 In concluding that the corroborating evidence was insufficient, the court of appeals
held that the tape recording failed to tend to connect Malone to the offense without Olachia's
testimony:

 Because there is no identification of the voices on the tape recording without
Olachia's testimony, the tape recording does not tend to connect [Malone] to
the offense, and without Olachia's testimony describing what occurred, we are
not even able to discern from the tape that a drug transaction was occurring. (21)


 However, the tape recording, as argued by the State, constitutes an important piece
of corroborating evidence. Even without Olachia's testimony, jurors could rationally connect
the voices heard on the recording to the corresponding persons. (22) First, with the sequence
of events before the jury through Investigator Grimes's testimony, the jury heard Harris and
Olachia talking while en route to Malone's house. Investigator Grimes also identified
Malone and placed him in front of the house helping an unnamed woman get her car out of
the mud in his driveway. Mindful of the entry of Malone's voice on the tape, jurors could
follow the voices heard on the tape and pinpoint Malone's voice among the other voices on
the tape, including the unidentified male voice that was heard on the tape while Harris and
Olachia were in Malone's house. From this, the jury could identify Malone as the person that
told Harris and Olachia to "come in and wait" while he "put it together" and who later told
Olachia that "Y'all going to be, 'Cooked to customer satisfaction.'" 

 Taken as a whole, the non-covert agent evidence shows more than mere presence. 
The jury could have rationally found that the corroborating evidence sufficiently tended to
connect Malone to the delivery of the crack cocaine as required by Article 38.141. Finally,
because we conclude that there was sufficient corroborating evidence to tend to connect
Malone to the offense after considering all of the corroborating evidence, we do not need to
address the State's first ground for review--whether Malone was "merely present" when a
substantial drug transaction was made at his house and he invited Harris and Olachia inside.Conclusion

 We reverse the judgment of the court of appeals and remand the case to the court of
appeals so that it can address Malone's second point of error--that the trial judge erred in
admitting evidence. 


DATE DELIVERED: May 7, 2008

PUBLISH
1. Malone v. State, No. 14-05-00033-CR, 2006 Tex. App. LEXIS 6951, at *7 (Tex.
App.--Houston [14th Dist.] Aug. 3, 2006 (not designated for publication). 
2. Malone, 2006 Tex. App. LEXIS 6951, at *5-7.
3. Id.
4. Id. at *5-6. 
5. Id. 
6. Tex. Crim. Proc. Code Ann. art. 38.141 (Vernon 2005).
7. See Tex. Crim. Proc. Code Ann. art. 38.14 (Vernon 2005); Malone, 2006 Tex.
App. LEXIS 6951, at *2-3; Simmons v. State, 205 S.W.3d 65, 71-72 (Tex. App.--Fort
Worth 2006, no pet.); Dennis v. State, 151 S.W.3d 745, 748-49 (Tex. App.--Amarillo
2004, pet. ref'd) (per curiam); Brown v. State, 159 S.W.3d 703, 707 (Tex.
App.--Texarkana 2004, pet. ref'd); Jefferson v. State, 99 S.W.3d 790, 793 (Tex.
App.--Eastland 2003, pet. ref'd); Young v. State, 95 S.W.3d 448, 450-51 (Tex.
App.--Houston [1st Dist.] 2002, pet. ref'd); Cantelon v. State, 85 S.W.3d 457, 459-61
(Tex. App.--Austin 2002, no pet.). 
8. Tex. Crim. Proc. Code Ann. art. 38.14. 
9. Druery v. State, 225 S.W.3d 491, 498 (Tex. Crim. App. 2007)
.
10. Solomon v. State, 49 S.W.3d 356, 361 (Tex. Crim. App. 2001).
11. Trevino v. State, 991 S.W.2d 849, 851 (Tex. Crim. App. 1999); Gill v. State,
873 S.W.2d 45, 48 (Tex. Crim. App. 1994). 
12. Hernandez v. State, 939 S.W.2d 173, 179 (Tex. Crim. App. 1997). 
13. Gill, 873 S.W.2d at 48.
14. Trevino, 991 S.W.2d at 852.
15. Brown v. State, 672 S.W.2d 487, 489 (Tex. Crim. App. 1984).
16. Golden v. State, 851 S.W.2d 291, 294 (Tex. Crim. App. 1993) (citing Meyers v.
State, 626 S.W.2d 778, 780 (Tex. Crim. App. 1982)). 
17. Cantelon, 85 S.W.3d at 459-62. 
18. Id. at 460.
19. Id.
20. See Poindexter v. State, 153 S.W.3d 402, 410 (Tex. Crim. App. 2005); Solomon
v. State, 49 S.W.3d 356, 361 (Tex. Crim. App. 2001).
21. Malone, 2006 Tex. App. LEXIS 6951, at *5.
22. See Angleton v. State, 971 S.W.2d 65, 68-69 (Tex. Crim. App. 1998).