ACCEPTED
01-15-00366-cr
FIRST COURT OF APPEALS
HOUSTON, TEXAS
8/12/2015 11:59:40 PM
CHRISTOPHER PRINE
CLERK

# No. 01-15-00366-CR

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

8/12/2015 11:59:40 PM

CHRISTOPHER A. PRINE
Clerk

## In the Court of Appeals
## For the First Judicial District
## Houston, Texas

## Trace Rogers Smith v. State

## On Appeal from Cause No. CR2014-093
## in the 207th Judicial District Court
## of Comal County, Texas

## Brief of Appellant
## Trace Rogers Smith

Atanacio Campos
Bar No. 03720700
Attorney for Trace Rogers Smith
496 S. Castell Ave.
New Braunfels, Texas  78130
Tel:   (830) 620-1515
Fax:  (830) 620-5334
atanacio@aol.com

## Oral Argument Not Requested

# Parties and Counsel

For the State of Texas:

Ms. Chari Kelly
Assistant Criminal District Attorney
150 N. Seguin Ave.
New Braunels, Texas  78130
Tel: (830) 221-1300
Fax:  (830) 608-2008
ckelly@ co.comal.tx.us


For the Appellant:

Atanacio Campos
Attorney for Trace Rogers Smith
496 S. Castell Ave.
New Braunfels, Texas  78130
Tel:   (830) 620-1515
Fax:  (830) 620-5334
atanacio@aol.com

# Table of Contents

**Index of Authorities**.................................................................................................. **4**

**Statement of the Case**............................................................................................... **5**

**Oral Argument**.......................................................................................................... **6**

**Issue Presented**......................................................................................................... **7**

**Statement of Facts**.................................................................................................... **8**

**Argument** ................................................................................................................**10**

**Prayer**.......................................................................................................................**17**

# Index of Authorities

**CASES**

*Bagley,* 473 U.S. at 682, 105 S.Ct. 3375 ...........................................................................10
*Brown v. State,* 672 S.W.2d 487, 488 (Tex.Crim.App.1984);..........................................15
*Hall v. State,* 283 S.W.3d 137, 171 (Tex. App. – Austin 2009)........................................10
*Hampton,* 86 S.W.3d at 612 ..............................................................................................11
*Kyles,* 514 U.S. at 434, 115 S.Ct. 1555. ...........................................................................11
*Meyers v. State,* 626 S.W.2d 778 (Tex.Crim.App.1982)....................................................15
*United States v. Agurs,* 427 U.S. 97, 109, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976)); .........12

# Statement of the Case

This case is an appeal from a conviction for attempted capital murder, aggravated kidnapping, aggravated robbery, and tampering with evidence in the 207th District Court of Comal County, Texas.[1] A jury trial was held February 23 to March 2, 2015. Trace Rogers Smith was found guilty of these four counts and the jury sentenced him to 42 years for attempted murder and aggravated kidnapping, ten years for aggravated robbery, and five years for tampering with physical evidence.

After the trial had concluded and this appeal had begun, the State provided trial counsel with a letter informing him that Clint Barkley, the State's witness, had a prior murder conviction. Trial counsel forwarded that letter to appellate counsel, and it was filed into the record of this case.

---

[1] Smith was also charged with Aggravated Sexual Assault, of which the jury found

# Oral Argument

Oral Argument is not requested.

# Issue Presented

The State failed to disclose the prior murder conviction of Clint Barkley, one of only two non-accomplice witnesses to testify as to the events that occurred on December 8, 2013. Mr. Barkley's testimony indicated that Smith was aware of and was aiding the codefendants in their assault on the victim. Was Barkley's testimony material to Smith's conviction for attempted capital murder as a party?

# Statement of Facts

Dana Huth was found naked, shackled, bloody, and severely injured on the morning of December 9, 2015 in a stranger's vehicle at Canyon Lake, Texas. She recounted the events of the previous night, which began at the home of Mike Chapin.[2] At "Big Mike's" house, co-defendants Heather Richards and Kayla Lardieri, tased her, kicked her, stabbed her, and handcuffed her hands and feet, while Sheena Hopkins recorded the events on a cell phone. Trace Rogers Smith admitted to carrying her, naked, hog- tied, and wrapped in a sheet, to a shed outside, then locking the shed. Dana managed to get the handcuffs off her hands, but not her feet. She broke through a window in the shed, climbed out and crawled to a neighbor's house. She was unable to summons help from the neighbor during the night, but she found shelter in one of the vehicles that was unlocked.

At some point later Smith burned Dana's belongings, along with clothing that Kayla had been wearing that night.

---

[2] Mike Chapin was also indicted as a codefendant in this criminal episode, but he died in the Comal County Jail awaiting trial.

All of the codefendants and victim were friends or acquaintances, and all were using and/or dealing drugs through Big Mike. Heather was upset that Dana was involved with Heather's boyfriend, Travis, or T-bone. Kayla believed that Dana had been recording drug transactions and intercepting information from their cell phones about drug deals. Both wanted to confront Dana and send a message to stay out of their business. They denied having any plan to kill her.

# Argument

The State failed to disclose the prior murder conviction of Clint Barkley, one of only two non-accomplice witnesses to testify as to the events that occurred on December 8, 2013. Mr. Barkley's testimony indicated that Smith was aware of and was aiding the codefendants in their assault on the victim. Was Barkley's testimony material to Smith's conviction for attempted capital murder as a party?

*Hall v. State*[3] discusses how Brady evidence is to be considered on appeal:

> "Whether the State's failure to disclose the impeachment evidence constituted a due process violation turns instead on whether the evidence was "material" under *Brady.* Undisclosed evidence is "material" to guilt or punishment "only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Bagley,* 473 U.S. at 682, 105 S.Ct. 3375. A

---

[3] *Hall v. State*, 283 S.W.3d 137, 171 (Tex. App. – Austin 2009).

"reasonable probability" is "a probability sufficient to undermine confidence in the outcome." *Id.* In other words, "[t]he question is not whether the defendant would more likely than not have received a different verdict with the evidence, but whether in its absence he received a fair trial, understood as a trial resulting in a verdict worthy of confidence." *Kyles,* 514 U.S. at 434, 115 S.Ct. 1555. The Supreme Court has further explained that this standard "is not a sufficiency of the evidence test"—"[a] defendant need not demonstrate that, after discounting the inculpatory evidence in light of the undisclosed evidence, there would not have been enough left to convict." *Id.* at 434–35, 115 S.Ct. 1555. Instead, the defendant must "show[ ] that the favorable evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict." *Id.* at 435, 115 S.Ct. 1555. On the other hand, "[t]he mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish 'materiality' in the constitutional sense." *Hampton,* 86 S.W.3d at 612 (quoting *United States v. Agurs,* 427 U.S. 97, 109, 96 S.Ct. 2392, 49

11

L.Ed.2d 342 (1976)); *see also id.* (distinguishing this standard from the general standard for constitutional harmless error). The inquiry "involves balancing the strength of the [favorable] evidence against the evidence supporting conviction." *Hampton,* 86 S.W.3d at 613. We must accordingly consider "the entire body of evidence" at trial. *Id.* Similarly, we evaluate materiality "in terms of suppressed evidence considered collectively, not item-by-item." *Kyles,* 514 U.S. at 436, 115 S.Ct. 1555."

This case had a lot of testimony, but it lacked a reliable narrator. There are 4 codefendants. All but Sheena were smoking methamphetamines and possibly also marijuana. They all admit to being either in shock by what was transpiring, or having difficulty knowing what was going on around them due to drug use. The victim was in and out of consciousness. Under the accomplice witness rule, anything they testify to must be supported by cooberating evidence from another source.

The State called two witnesses who were at Mike's house that night who were not involved in the crime and could have been that cooberating source. The first one called was Clint Barkley. He testified:

- At some point, Dana went in the back bedroom. All three girls were back there and Trace was at the door; he kept running in and out of the door. (Vol. 3, p. 202-203).

- Trace was posted up at the door, in and out, guarding the door, like he was helping somebody do something. And then he's standing guard at the door. (Vol. 3, p. 207-208).

- Trace was going in and out of that bedroom, whatever was going on in there. Every time he went in, there was more ruckus going on in there. I wasn't smoking marijuana that night. Trace and his entourage were the only ones smoking. (Vol. 3, p. 215.)

- I stayed for two hours on the sofa watching TV. Went in and out of the house, charged up my phone. (Vol. 3, p. 216-127.)

- Dana, Kayla, the two girls, and then Trace were in and out of the bedroom. (Vol. 3, p. 217.)

The other witness was Jerry Stovall. Jerry's son had died after being shot by police just a few days before. The people involved in this case knew his son and were reminiscing with him. He stated:

- I went to Mike's to smoke meth. (Vol. 4, p. 27).

- My truck wouldn't start and Clint (Barkley) gave me a jump start.

- When I first went in to Mike's I sat on the couch and talked to Dana about my son for 45 min.

- The 3 girls went in the bedroom, then Trace. Then Trace came out and Dana went in. (Vol. 4, p. 34).

- Clint (Barkley) did stop by and gave me a jump. I don't remember if he was inside or not. I don't think he was sitting on the sofa, I think he was just outside. I did not see any marijuana. (Vol. 4, p. 35).

Clint Barkley's testimony led the jury to believe that Trace had a great deal of involvement with the beating and stabbing that took place in the bedroom. It showed that Trace knew what was happening in there, that he was actively preventing Dana from leaving or anyone else from coming to her aid, and that he approved of what the girls were doing to Dana. It indicated that there was an agreement between Trace and the girls that this assault on Dana was part of a plan.

Noticeably, Jerry Stovall did not say that Trace was in and out of the bedroom or standing guard at the door. He also didn't think that Clint Barkley was in the house at all.

Because Barkley was not involved in this criminal episode, his testimony would be given more credibility than Trace's when there was any discrepancy between the two. So when Trace testified that he did not know what the girls were doing to Dana, Barkley's statements to the contrary undermined Trace's testimony in the minds of the jurors. This made it appear that Trace not only knew and approved of what was happening, but that he was also lying to the jury. It was necessary for the defense to

impeach Barkley's credibility to ensure that Trace got a fair trial. Barkley's status as an uninvolved, purportedly sober witness elevated his testimony above that of the other witnesses. If there was a reason that his testimony should not have been given such weight, Trace had a right to show the jury.

Furthermore, Barkley's testimony was the only non-accomplice evidence that connected Trace with the assault on Dana. Without cooberating testimony, a codefendant's statements are insufficient to convict.[4]

The jury charge for attempted capital murder states "attempt to intentionally cause the death of an individual to-wit Dana Huth by stabbing the said Dana Huth with a knife, by striking the said Dana Huth with the hand, or by kicking the said Dana Huth with the foot". No evidence was offered that Trace committed any of those acts, or that he did an act amounting to more than mere preparation that tends, but fails to effect the commission of capital murder. Therefore he could not be found guilty as a principle.

Only Barkley's testimony indicated that Trace solicited, encouraged,

---

[4] *Brown v. State,* 672 S.W.2d 487, 488 (Tex.Crim.App.1984); *Meyers v. State,* 626 S.W.2d 778 (Tex.Crim.App.1982).

aided, or attempted to aid the others in committing attempted capital murder. Barkley's description of Trace standing guard by the bedroom door, and going in and out of the room indicated that Trace knew what was happening in there, and that he aided the codefendants by preventing Dana's escape and ensuring no one could enter the room to stop them. That is why Barkley's testimony and credibility are crucial. He provided the only evidence of Trace being aware of or involved with the attempted capital murder. No one else indicated that Trace became involved until after the assault was over.

Once Trace became aware of what had transpired in the bedroom, then he did take actions that constituted kidnapping. But the actions described in the jury charge of stabbing, striking, or kicking Dana had already taken place by then. Trace believed that the girls went into the bedroom to discuss Dana's relationship with Heather's boyfriend. It is not reasonable to expect that an attempted murder would result from such discussions.

# Prayer

The State failed to disclose Brady evidence that was material to the case. Without that evidence, the defense could not impeach the State's witness with his prior murder conviction. The witness provided testimony that the defendant was acting in concert with the codefendants while they were attempting to commit capital murder. This resulted in an unfair trial for the defendant and a verdict unworthy of confidence. Trace Rogers Smith prays the court reverse the conviction of attempted capital murder and render a judgment of acquittal.

Respectfully Submitted by:

/s/ Atanacio Campos
Atanacio Campos
State Bar No. 03720700
Attorney for Trace Rogers Smith, Appellant
496 S. Castell Ave.
New Braunfels, Texas  78130
Tel: (830) 620-1515
Fax: (830) 620-5334
atanacio@aol.com

Certificate of Compliance

This brief contains 2311 words, as calculated by the word processing software used to create it.

/s/ Atanacio Campos
Atanacio Campos

Certificate of Service

The following parties were served via electronic mail through the electronic filing service used to file this brief in the First Court of Appeals.

Ms. Chari Kelly
kellyc@co.comal.tx.us

/s/ Atanacio Campos
Atanacio Campos