# NOS. 12-18-00300-CR
## 12-18-00301-CR
## 12-18-00302-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *BENJAMIN CARROLL MOORE,* *APPELLANT* | § | *APPEALS FROM THE 159TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *ANGELINA COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Benjamin Carroll Moore appeals his convictions for delivery of a controlled substance. In two issues, Appellant challenges the legal sufficiency of the evidence to support his convictions and the sufficiency of the evidence to corroborate the testimony of the confidential informant. We affirm.

### BACKGROUND

In three separate cases, Appellant was charged by indictment with delivery of a controlled substance, namely, methamphetamine, in the amount of one gram or more, but less than four grams, a second degree felony;[1] in the amount of less than one gram, a state jail felony;[2] and in the amount of one gram or more, but less than four grams, a second degree felony.[3] Appellant pleaded "not guilty," and the cases proceeded to a jury trial.

---

[1] *See* TEX. HEALTH & SAFETY CODE § 481.112(a), (c) (West 2017).

[2] *See* TEX. HEALTH & SAFETY CODE § 481.112(a), (b) (West 2017).

[3] *See* TEX. HEALTH & SAFETY CODE § 481.112(a), (c) (West 2017).

At trial, Officer Wesley Blake Waggonner, a narcotics investigator with the Angelina County Sheriff's Department, testified that Timothy Wayne Shepherd was stopped for a traffic violation on May 21, 2017, and was found to be in possession of methamphetamine. As a result, Shepherd signed a contract with the narcotics division of the sheriff's department and agreed to be a confidential informant. Shepherd's contract required him to purchase narcotics from three different drug dealers in Angelina County, Texas.

On June 13, 2017, Shepherd contacted Waggonner to make his first "buy." Waggonner, Shepherd, and Waggonner's lieutenant met at a predetermined location. Waggonner and his lieutenant searched Shepherd's vehicle and person in order to determine if he had narcotics in his vehicle or any money on his person. He then gave Shepherd money and video and audio recording devices. Waggonner and his lieutenant followed Shepherd to Appellant's residence but, because the road was a dead end, he and his lieutenant were only able to watch from the end of the road. The video recording shows that after Shepherd arrived, he was informed that Appellant was at a friend's house. Shepherd left Appellant's residence and when he passed Appellant on the road, returned to the residence. Appellant and Shepherd went to Appellant's tool shed and according to Waggonner, and not disputed during trial, Shepherd asked for "100," i.e., $100.00 of methamphetamine. According to Shepherd, Appellant handed him the narcotics, although the video recording stopped before and during the transfer. The audio recording did not stop. When Shepherd exited the residence, Waggonner and his lieutenant followed Shepherd to the predetermined location, obtained the narcotics, and searched Shepherd's person and vehicle again. Waggonner entered the methamphetamine purchased by Shepherd into evidence and reviewed the video and audio of the "buy." He stated that Shepherd purchased $100.00 of methamphetamine or 2.70 grams. According to Waggonner, he recognized the voices on the video recording as Appellant's and Shepherd's, and identified screen shots from the video recording as Appellant, his residence, and his vehicle.

On June 25, 2017, Shepherd contacted Waggonner to make his second "buy." Again, Waggonner and Shepherd met at a predetermined location, and he searched Shepherd's person and vehicle, gave him money and recording devices, followed him to Appellant's residence, and watched Shepherd enter the property. Again, Waggonner was unable to watch the "buy" close to Appellant's residence. Shepherd arrived at Appellant's residence and entered the residence. Another person went into the bedroom and informed Appellant that someone wanted "60."

2

Shepherd entered the bedroom and the video recording shows foil packaging and multiple strikes of a lighter. Waggonner stated that Appellant used the lighter to seal the packaging. However, the video recording does not show a hand-to-hand transfer of the narcotics. Again, Shepherd exited the residence, and Waggonner followed Shepherd to the predetermined location, obtained the narcotics, and searched Shepherd's person and vehicle again. Waggonner entered the methamphetamine purchased by Shepherd into evidence and reviewed the video and audio of the "buy." He stated that Shepherd purchased $60.00 of methamphetamine or 0.72 grams. Waggonner identified screen shots from the video recording as Appellant, Appellant's vehicle, and Shepherd. He also identified Appellant laying on the bed and Appellant's voice.

On July 22, 2017, Shepherd contacted Waggonner to make his third "buy." Again, Waggonner and Shepherd met at a predetermined location, and he searched Shepherd's person and vehicle, gave him money and recording devices, followed him to Appellant's residence to meet Appellant, and watched Shepherd enter the property. The video recording shows Appellant and Shepherd walking to Appellant's tool shed. Then, Appellant contacted his supplier, and told him that he needed an "eight ball," or an eighth of an ounce. Shepherd waited at Appellant's residence over an hour for the supplier to arrive with the narcotics. At some point, Shepherd left his vehicle, said "appreciate it," and left the residence. However, the video recording does not show a hand-to-hand transfer. Again, Shepherd exited the residence, Waggonner followed Shepherd to the predetermined location, obtained the narcotics, and searched Shepherd's person and vehicle. Waggonner entered the methamphetamine purchased by Shepherd into evidence and reviewed the video and audio of the "buy." He stated that Shepherd purchased $100.00 of methamphetamine or 3.03 grams. According to Waggonner, he identified screen shots from the video recording as Appellant, Appellant's vehicle, and Shepherd. He also identified Appellant's voice and his person on the video recording partially by his tattoos.

At the conclusion of the trial, the jury found Appellant guilty of delivery of a controlled substance, methamphetamine, in each of the three cases. The jury assessed Appellant's punishment at seventeen years of imprisonment in the first case; two years of confinement in a state jail facility in the second case; and seventeen years of imprisonment in the third case. This appeal followed.

3

**CORROBORATION OF INFORMANT'S TESTIMONY**

In his second issue in each case, Appellant contends that the evidence is insufficient to corroborate the testimony of the confidential informant.

## Applicable Law

The legislature has mandated that a defendant may not be convicted by the statements of a confidential informant unless that testimony is corroborated in the following manner:

(a)  A defendant may not be convicted of an offense under Chapter 481, Health and Safety Code, on the testimony of a person who is not a licensed peace officer or a special investigator but who is acting covertly on behalf of a law enforcement agency or under the color of law enforcement unless the testimony is corroborated by other evidence tending to connect the defendant with the offense committed.

(b) Corroboration is not sufficient for the purposes of this article if the corroboration only shows the commission of the offense.

TEX. CODE CRIM. PROC. ANN. art. 38.141 (West 2005).

A challenge to the sufficiency of the corroboration is not the same as a challenge to the sufficiency of the evidence to support the verdict as a whole. *See Cathey v. State*, 992 S.W.2d 460, 462–63 (Tex. Crim. App. 1999). To corroborate a confidential informant's testimony, all the law requires is that there be some non-confidential-informant evidence that tends to connect the accused to the commission of offense. *See Young v. State*, 95 S.W.3d 448, 451 (Tex. App.— Houston [1st Dist.] 2002, pet. ref'd). In other words, the evidence must simply link the accused in some way to the commission of the crime and show that "rational jurors could conclude that this evidence sufficiently tended to connect [the accused] to the offense." *Malone v. State*, 253 S.W.3d 253, 257 (Tex. Crim. App. 2008) (quoting *Hernandez v. State*, 939 S.W.2d 173, 179 (Tex. Crim. App. 1997)).

To determine the sufficiency of the corroborative evidence, we eliminate the testimony of the confidential informant and ask whether other inculpatory evidence tends to connect the accused with the commission of the offense. *See Young v. State,* 183 S.W. 3d 699, 702-03 (Tex. App.— Tyler 2005, pet. ref'd) (citing *McDuff v. State*, 939 S.W.2d 607, 612 (Tex. Crim. App. 1997)). The "tends-to-connect" standard does not present a high threshold. *See Cantelon v. State*, 85 S.W.3d 457, 461 (Tex. App.—Austin 2002, no pet.). Evidence showing that the "accused was at or near the scene of the crime at or about the time of its commission, when coupled with other suspicious circumstances, may tend to connect the accused to the crime so as to furnish sufficient

4

corroboration to support a conviction. *Malone*, 253 S.W.3d at 257 (quoting *Brown v. State*, 672 S.W.2d 487, 489 (Tex. Crim. App. 1984)) But "mere presence alone of a defendant at the scene of a crime is insufficient to corroborate accomplice testimony." *Id.* (quoting *Golden v. State*, 851 S.W.2d 291, 294 (Tex. Crim. App. 1993) (citing *Meyers v. State*, 626 S.W.2d 778, 780 (Tex. Crim. App. 1982))).

**Analysis**

Here, the informant, Shepherd, was corroborated in all three cases by the testimony of Waggonner and the video recording. In each case, the non-confidential informant evidence established that (1) Shepherd agreed to be a confidential informant, (2) Shepherd's vehicle and person were searched prior to the "buy" to ensure that he did not have any narcotics or money in his vehicle or on his person, (3) Waggonner followed Shepherd to Appellant's residence and watched the "buy" nearby, and (4) Waggonner searched Shepherd's vehicle and person after the "buy" and received the methamphetamine purchased by Shepherd. Regarding the "buy" of 2.70 grams of methamphetamine, Waggonner provided Shepherd with $100.00 and video and audio recordings, identified Shepherd's and Appellant's voices on the video recording, identified Appellant on the video recording and through screen shots of the video recording, and the video recording shows Appellant and his vehicle. Regarding the 0.72 grams of methamphetamine, Waggonner provided Shepherd with $60.00 and video and audio recordings, identified Appellant and Appellant's vehicle on the video recording and through screen shots of the video recording, identified Appellant's voice on the video recording, and identified Appellant laying or sitting on his bed and attempting to seal the packaging with a lighter. Regarding the "buy" of the 3.03 grams of methamphetamine, Waggonner provided Shepherd with $100.00 and video and audio recordings, identified Appellant's voice on the video recording, identified Appellant on the video recording and through screen shots of the video recording partially through his tattoos, and the video recording shows Appellant and his vehicle.

Based on this evidence, Waggonner's testimony and the video recording provided the evidence that tends to connect Appellant to the commission of the offense, delivery of a controlled substance, methamphetamine. *See* TEX. CODE CRIM. PROC. ANN. art. 38.141; *Young*, 95 S.W.3d at 451. Because we determined that the evidence was sufficient to corroborate the testimony of the confidential informant in each case, we overrule Appellant's second issue.

## EVIDENTIARY SUFFICIENCY

In his first issue in each case, Appellant argues that the evidence is legally insufficient to support his conviction.

## Standard of Review

In Texas, the *Jackson v. Virginia* standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the state is required to prove beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). The relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). This standard gives full play to the responsibility of the trier of fact to fairly resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Padilla v. State*, 326 S.W.3d 195, 200 (Tex. Crim. App. 2010). The jury is the sole judge of the witnesses' credibility and the weight to be given their testimony. *Brooks*, 323 S.W.3d at 899.

When the record supports conflicting inferences, we presume that the fact finder resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). Direct and circumstantial evidence are treated equally. *Id.* Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). A conclusion of guilt can rest on the combined and cumulative force of all the incriminating circumstances. *Hernandez v. State*, 190 S.W.3d 856, 864 (Tex. App.—Corpus Christi 2006, no pet.).

## Applicable Law

A person commits the offense of delivery of a controlled substance if the person knowingly delivers, or possesses with intent to deliver, a controlled substance. TEX. HEALTH & SAFETY CODE ANN. § 481.112(a) (West 2019). "Deliver" means to transfer, actually or constructively, to another a controlled substance, counterfeit substance, or drug paraphernalia, regardless of whether there is an agency relationship. *Id*. § 481.002(8) (West 2019). The term includes offering to sell a controlled substance, counterfeit substance, or drug paraphernalia. *Id.* In other words, a delivery

may be effectuated through: (1) actual transfer, (2) constructive transfer, or (3) an offer to sell. *See id.* An actual transfer consists of a complete transfer of real possession and control of the contraband from the transferor to the transferee or his agents, while a constructive transfer covers a variety of situations where the transferor does not manually transfer the contraband to the transferee, but may include a transfer through an intermediary and a transfer effected by telling the recipient where the contraband is located. *Sims v. State*, 117 S.W.3d 267, 270–77 (Tex. Crim. App. 2003); *Heberling v. State*, 834 S.W.2d 350, 354 (Tex. Crim. App. 1992).

## Analysis

Appellant's insufficiency argument in each case contends that because the evidence is insufficient to corroborate the confidential informant, the evidence is legally insufficient. However, we have determined that in each of the three cases, the evidence was sufficiently corroborated. In each of the three cases, Shepherd, the confidential informant, agreed to "buy" methamphetamine from Appellant, and his vehicle and person were searched prior to the "buy" to ensure that he did not have any narcotics or money in his vehicle or on his person. Waggonner provided Shepherd with money and video and audio recordings, and followed Shepherd to Appellant's residence to watch each "buy" nearby. In each case, Waggonner identified Appellant's voice, person, and vehicle on the video recording. Shepherd testified that in each case, Appellant handed him the methamphetamine in exchange for money. Waggonner also searched Shepherd's vehicle and person after each "buy" and received the methamphetamine purchased by Shepherd. According to the evidence admitted at trial, Shepherd purchased methamphetamine from Appellant in the amounts of 2.70 grams, 0.72 grams, and 3.03 grams.

From this evidence, the jury reasonably could have determined that Appellant transferred a controlled substance, methamphetamine, to Shepherd in each of the three cases, that Waggonner identified Appellant's person and voice on each video recording, and that Shepherd's vehicle and person were searched before and after each "buy" in order to ensure that he had neither narcotics nor money, other than the methamphetamine purchased, either before or after each "buy." Viewing the evidence in the light most favorable to the prosecution, we conclude that a rational jury could have found each element of delivery of a controlled substance, methamphetamine, beyond a reasonable doubt in each of Appellant's three cases. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(a); *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Brooks*, 323 S.W.3d at 912. In each case, we overrule Appellant's first issue on appeal.

7

## DISPOSITION

Having overruled Appellant's first and second issues in each case on appeal, we *affirm* the judgments of the trial court.

**BRIAN HOYLE**
Justice

Opinion delivered November 27, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**NOVEMBER 27, 2019**

**NO. 12-18-00300-CR**

**BENJAMIN CARROLL MOORE,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 159th District Court

of Angelina County, Texas (Tr.Ct.No. 2018-0045)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

NOVEMBER 27, 2019

NO. 12-18-00301-CR

**BENJAMIN CARROLL MOORE,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 159th District Court

of Angelina County, Texas (Tr.Ct.No. 2018-0046)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**NOVEMBER 27, 2019**

**NO. 12-18-00302-CR**

**BENJAMIN CARROLL MOORE,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 159th District Court

of Angelina County, Texas (Tr.Ct.No. 2018-0047)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*